## KNOX VS. CLIFFORD.

VACATING JUDGMENT *for mistake, etc.: Time limited. Written notice of judgment not required.*

1. The power of the circuit court to relieve a party from a judgment on the ground of mistake or surprise is limited to one year after notice of the judgment (R. S., ch. 125, sec. 38); and it is not enough that the motion for such relief is made, but it must be *brought to a hearing* within the year.

2. Written notice of the judgment is not required by this rule, but actual knowledge is sufficient; and a party cannot be relieved under this provision of the statute, more than a year after he perfected an appeal from the judgment.

APPEAL from the Circuit Court for *Portage* County.

A judgment for the plaintiff in this action, entered May 18, 1875, was affirmed by this court on appeal (38 Wis., 651), and the cause was remitted to the circuit court in December, 1875. On the 8th of January, 1876, defendant obtained a stay of proceedings for twenty days, to enable him to move for a new trial; and on the 28th of February following, he gave notice of a motion for a new trial, under sec. 38, ch. 125, R. S. On the 28th of April following, this motion came on for a hearing; but the judge of said court, having been of counsel for the defendant, made an order that the motion be heard and determined by the circuit judge of the third circuit; and it was so heard at a special term, on the 25th of July, 1876. Affidavits were read at the hearing, to show surprise on the part of the defendant, and that he had a good defense to the action. The court set aside the judgment, and the plaintiff appealed from the order.

The cause was submitted for the appellant on the brief of *James O. Raymond*, who contended, among other things, that the defendant had not brought his motion to a hearing within the year allowed by the statute, and that the court had

therefore no authority to make the order. *Flanders v. Shuman*, 18 Wis., 575–593; *Butler v. Mitchell*, 17 id., 57–8.

For the respondent, a brief was filed signed by *Gerrit T. Thorn* and *D. Lloyd Jones*, and the cause was argued orally by *Mr. Thorn*. They contended that the motion to vacate the judgment was made in due season, and that the granting of a new trial was discretionary, and there had been no abuse of discretion.

COLE, J.   The power of the court to relieve a party from a judgment on the ground of mistake or surprise is expressly limited to one year after notice of the judgment.   Section 38, ch. 125, R. S.   In the absence of this provision, the power of the court to set aside the judgment for any such reason would expire with the term at ·which the judgment was rendered. These points have frequently been decided by this court, as the reported cases will show.   In this case the motion to vacate the judgment was granted on the 25th day of July, 1876. The judgment was really entered on the 18th day of May, 1875.   It appears that the defendant perfected an appeal from the judgment on the 23d of July, 1875; and he was certainly chargeable with notice of judgment at that time, if not before. Written notice was not necessary, but he was required to act upon any reasonable knowledge of the fact.   *Butler v. Mitchell*, 17 Wis., 53.   It might reasonably be presumed that the defendant had actual notice of the judgment about the time it was rendered in May, because the record shows that the finding of the court ordering judgment was served upon his attorney on the 25th of that month.   But, however this may be, he surely cannot claim to have been ignorant of the existence of the judgment when he perfected an appeal from it.   And this was more than a year before the judgment was set aside. The power of the court, therefore, to grant the motion was gone, even if the affidavits established a ground for relief under the statute provided the application had been made in time.

But it is contended that as notice of the motion to vacate the judgment was given within the year, this was sufficient, though the motion was not decided until after the expiration of the year. This position we deem untenable. The power is conferred by statute, and must be exercised by the court according to the statute. The court is authorized, in its discretion, upon such terms as may be just, *at any time within one year after notice thereof*, to relieve a party from a judgment through his mistake, inadvertence, surprise or excusable neglect. The period within which the discretion is to be exercised is expressly limited to a year after notice of the judgment; and this time cannot be enlarged or extended by merely giving notice of the motion to vacate the judgment. The party is required to act, and must bring his motion to a hearing within the year, or the power to relieve under the statute is gone. The provision goes upon the very reasonable assumption that a year affords an ample opportunity for a party to obtain relief, if he is diligent. It is obvious that this view disposes of this appeal, and the other questions argued by counsel need not be considered.

*By the Court.* — The order setting aside the judgment and granting a new trial is reversed, and the cause is remanded.