## Homer E. Sargent *vs.* Charles F. Kindred.

Opinion filed May 15th, 1896.

### Notice to Attorney is Notice to Client.

Notice to the attorney for defendant of the entry of judgment against such defendant is notice to the defendant, within the meaning of the statute (section 4939, Comp. Laws) which confers upon the District Court power to relieve a party from a judgment entered against him through his mistake, inadvertence, surprise, or excusable neglect within one year after notice thereof.

### Notice of Motion to Vacate Judgment by Default.

It is not sufficient that the notice to vacate a judgment under this statute is made within the year. It must also be submitted and decided within the year. But the court may, to prevent injury to the suitor through its own delay in deciding the motion, direct that the order granting the relief be made and entered *nunc pro tunc* as of the time when the motion was finally submitted.

Appeal from District Court, Cass County; *McConnell*, J.

Action by Homer E. Sargent against Charles F. Kindred.

Reversed.

*Ball, Watson & Maclay*, for appellant.
*Seth Newman* and *C. A. Severance*, for respondent.

CORLISS, J. This is the second appeal from an order vacating a judgment in favor of plaintiff. See report of first decision in 5 N. D. 8, 63 N. W. 151. After the decision upon the former appeal, and after the record had gone down to the District Court, the plaintiff applied on notice for an order of the District Court making the order of the Supreme Court the order of the District Court. On the hearing of this application the defendant asked that he be allowed to reopen the motion, and to file additional affidavits. His request was granted. Such affidavits being filed, the court decided that on the new showing made the defendant was entitled to an order vacating the judgment under the provisions of section 4939, Comp. Laws; and such an order was accordingly made and entered. From this order an appeal has been taken, and we are again called upon to pass on the question whether the judgment vacated by the court should have been set aside. We find

it unnecessary to decide whether it is within the power of the District Court, after the case had been decided in this court, to allow the defendant to make a further showing on the same motion, and on such new showing to make the order appealed from. It may be that the law is with the plaintiff on this point, he contending that when the case was decided in this court the motion was finally disposed of, and that all the District Court could do at the very most was to allow the defendant to renew the motion on new papers. But conceding, without deciding, that plaintiff is in error in this respect, we nevertheless are clearly of this opinion that the order appealed from should be reversed. The motion to vacate the judgment was based upon section 4939, Comp. Laws, (section 5298, Rev. Codes,) which declares that a court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceedings taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion as originally made was not made within one year after the defendant's attorney was served with written notice of the entry of such judgment. That notice to the attorney is notice to the client for the purposes of this section as well as for other purposes is supported by the following decisions: *Schobacher* v. *Insurance Co.*, (Wis.) 17 N. W. 969; *Jex* v. *Jacob*, 7 Abb. N. C. 452. It is urged that the authority of an attorney to represent his client when such client is a defendant in a case ceases with the entry of judgment. Assuming this to be so, yet, until after judgment is entered, the attorney not only has power to act for his client, but it is his duty to so act for him. It is as much a part of his duty as attorney in the action for him to see to it that no improper judgment is entered against his client as to protect his client's interests at any other stage of the case. An attorney who, after verdict or decision, should pay no further attention to subsequent proceedings leading up to and including the entry of judgment would be recreant to the trust reposed in him. He must prevent the taxing of improper items in the bill of costs

(often not taxed until after entry of final judgment;) and he must see that the judgment entered is such a one as is warranted by the verdict or decision in the case. As it is his duty to ascertain the nature and extent of the judgment entered against his client, he represents him until such judgment is in fact entered. Notice to him of the entry of such judgment is therefore notice to his client for whom he is acting at the very time he receives such notice. We hold that notice to the attorney in this case that a judgment had been entered against his client, the defendant, was notice to such defendant within the meaning of section 4939, Comp. Laws. We desire to place our decision on another ground. While the motion appears to have been made within a year after the defendant himself had actual knowledge of the entry of judgment, it was neither decided nor submitted to the court until after the expiration of more than a year from the time the defendant knew of such judgment. It is not enough that the motion is made within the year, under section 4939, Comp. Laws. It must be made and submitted and the order granting the relief must also be made within the year. The language of the statute is explicit. It declares that the court shall have power to relieve a party from a judgment at any time within one year after notice thereof. It is not enough to satisfy the language of the statute that the application for relief is made within year, or that it is submitted within the year. But the court must take action within the year. It is true that a court, to prevent prejudice to a suitor through its own delays, has power to direct that the order granting the relief be entered *nunc pro tunc* as of the time the motion was finally submitted. In this way all possible injury to the litigants from the failure of the court to decide a motion of this character within the year may be prevented, provided the party has brought his motion to a hearing within the statutory time. There is no hardship in this construction of the statute. Certainly, a year after notice that a judgment has been entered against a suitor is ample time for him to prepare and submit his motion to have such judgment set aside. In practically every case a

decision of the motion can be secured within the year, as there is but little occasion for delay in deciding such motions after they are finally submitted. And if the court discovers that it is unable to render a decision within the prescribed period it has power (and such power will invariably be exercised in favor of a litigant who has not been guilty of great laches) to direct that the order be entered *nunc pro tunc*, as of the time the motion was finally submitted. In placing a construction on the statute in question, we must keep in mind not only its language, which is very clear, but also the fact that it extends to the defeated party an extraordinary indulgence, even on the theory that he must both move and submit his motion within the year. The statute vests in him a new right, and he must take it burdened with the limitations found in the statute itself. The successful suitor is entitled to some protection. There should come a time when he may know that his judgment is secure against attacks allowed by the statute we are construing. It was unquestionably this consideration which prompted the legislature, while conferring upon the defeated party this new privilege, very broad in character, to place such a limitation on the enjoyment of this privilege as we are clear they have placed upon it. The conclusion we reach on this point is in accord with the decision in Wisconsin construing a statute identical in language. *Knox* v. *Clifford*, 41 Wis. 458; *Whitney* v. *Karner*, 44 Wis. 563; *McKnight* v. *Livingston*, (Wis.) 1 N. W. 14. See the well-reasoned opinion of Taylor, J., in the case last cited. The order is reversed, and the District Court is directed to enter an order denying the motion to vacate the judgment. All concur.

WALLIN, C. J., having been of counsel, did not sit at the hearing or take any part in the decision of this case; Templeton, J., of the First District, sitting by request.