ALEX. CURRIE AND A. H. RIGGS, CO-PARTNERS AS CURRIE & RIGGS,
v. GAAR, SCOTT & CO.

Opinion filed July 30, 1906.  Rehearing denied January 7, 1907.

**Appeal — Review — Affirmance.**

> An order restraining the issuance of a sheriff's deed upon a sale
> pursuant to a default foreclosure judgment, which is issued in an
> action by a subsequent lienholder to determine the validity of such
> judgment and sale, will be affirmed upon appeal without a re-
> examination of the merits, where it appears that the judgment and
> sale have already been set aside upon the application of the mortgagor
> and the appellant was a party to the proceedings.

Appeal from District Court, Rolette county; Cowan, J.

Action by Alex. Currie and A. H. Riggs against Gaar, Scott & Co.
and others.  Judgment for plaintiffs, and Gaar, Scott & Co. appeal.

Affirmed.

*Turner & Wright,* for appellants.

*Davis & Sennett,* for respondents Currie & Riggs.

*Wm. Bateson,* for respondents.

PER CURIAM.  This is an action to determine the validity of a
default real estate foreclosure judgment, and of the sale of the
premises which was made pursuant thereto.  The property was
bid in at the sale by the mortgagee, Gaar, Scott & Co.  The plain-
tiffs claim to have a mortgage upon the premises, also an attach-
ment lien, both of which are subsequent in point of time to the
Gaar-Scott mortgage involved in the foreclosure action.  Service in
that action was made upon the mortgagor by publication.  These
plaintiffs claim that there were defects in the proceedings so that
the court did not acquire jurisdiction to enter judgment, and fur-
ther, that the mortgage itself was void because it was upon the
homestead and was not signed by the mortgagor's wife.  Upon
plaintiff's application a temporary restraining order was issued in
this action, directed to the sheriff, enjoining him from issuing a
deed pendng the determination of the action.  Gaar, Scott & Co.
made an application to vacate the above order, which was denied,
and it has appealed from the order.

The order must be affirmed.  An examination of the grounds
urged by appellant for reversal is not necessary.  The records of

this court show that the judgment in question was vacated by the trial court upon the application of the mortgagor and his wife, in the action in which it was rendered and the sale was set aside, and the order vacating the judgment and sale was affirmed by this court upon appeal. See opinion just handed down in Gaar, Scott & Co. v. Collin et al. (N. D.; submitted with this appeal) 110 N. W. 81. Gaar, Scott & Co., the present appellant, was the plaintiff and appellant in the other action and is bound by the adjudication. The judgment and sale having been set aside, it follows that no right to issue a deed remains, and this is the alleged right which the appellant seeks to vindicate by this appeal. Order affirmed. All concur.