(110 N. W. 83.)

---

GAAR, SCOTT AND COMPANY, A CORPORATION, v. ARTHEME COLLIN, JULIE COLLIN AND ALEX CURRIE AND A. H. RIGGS, CO-PARTNERS AS CURRIE & RIGGS, DEFENDANTS, ARTHEME COLLIN AND JULIE COLLIN, RESPONDENTS.

Opinion filed July 30, 1906. Rehearing denied January 7, 1907.

**Opening Default Judgment — Application — Decision After Time.**

1. An order granting an application to open a default judgment under section 6846, Rev. Codes 1905, the application being seasonably made and submitted, is not void because the court's decision was made after the time limited by the statute.

**Same — Stipulation as to Time of Hearing — Waiver.**

2. Where an application for relief from a default judgment is made within time and the hearing is continued by stipulation until after the statutory period has expired, a party to the stipulation cannot urge that fact to defeat the applicant's right to relief.

**Constitutional Law — Conveyance of Homestead—Both Spouses Must Join.**

3. Section 5052, Rev. Codes 1905, which requires the signature of both husband and wife to all conveyances and incumbrances of the homestead, is a proper means for protecting and perpetuating the homestead, and is not open to the objection that, by legislative action alone, it impairs or defeats the husband's right of individual conveyance.

**Same.**

4. The right of individual conveyance can be waived, and, when the owner of land acquiesces in its dedication as a homestead, it becomes subject to existing laws regulating its conveyance.

Appeal from District Court, Rolette county; *Cowan, J.*

Action by Gaar, Scott & Co. against Artheme Collin and Julie Collin. From an order vacating a default judgment plaintiff appeals.

Affirmed.

*Turner & Wright,* for appellant.

Application to vacate judgment must be made and decided within one year after notice. Sargent v. Kindred, 5 N. D. 472, 67 N. W. 826.

Knowledge of entry must be shown by applicant. Judd v. Patton, 84 N. W. 199.

Right to convey or incumber homestead without joinder of wife is a vested one, that cannot be destroyed by legislation. Gladney v. Sydnor, 60 L. R. A. 880; Gilmore v. Bright, 7 S. E. 751; New Jersey v. Yard, 95 U. S. 114, 24 L. Ed. 352.

Under present homestead law conveyance by husband alone transfers title upon abandonment, subject to intervening equities. Stewart v. Mackey, 16 Tex. 56; McQuade v. Whaley, 31 Cal. 526; Himmelman v. Schmidt, 23 Cal. 117; Bowman v. Norton, 16 Cal. 214; Lee v. Kingsbury, 13 Tex. 68, 62 Am. Dec. 546; McDonald v. Crandall, 43 Ill. 231, 92 Am. Dec. 112; Hewitt v. Templeton, 48 Ill. 367; Vasey v. Trustees, 59 Ill. 188; Cobb v. Smith, 88 Ill. 199.

*William Bateson* and *Davis & Sennet (Burke & Middaugh,* of counsel), for respondents.

Plaintiffs having stipulated that a hearing might be had, at a particular time, cannot object, that such hearing was after the period limited by law for the hearing.

A conveyance of a homestead is absolutely void, unless the instrument transferring it is signed and acknowledged by both spouses. Aultman & Taylor Co. v. Jenkins, 27 N. W. 117; Swift v. Dewey, 29 N. W. 254; Larson v. Buttz, 35 N. W. 190; Betts v. Sims, 41 N. W. 117; McCreery v. Schaffer, 41 N. W. 996; Heron v. Knapp, 40 N. W. 149; Alexander v. Benham, 6 N. W. 80.

Neither spouse is estopped to claim the invalidity of the transfer. Barton v. Drake, 21 Minn. 299; Haight v. Houle, 19 Wis. 472; Bruner v. Bateman, 24 N. W. 9; Sears v. Dixon, 33 Cal. 326;

Thompson, Homestead and Exemption, 472; Williams v. Stark, 5 Wis. 534; Revalk v. Kraemer, 8 Cal. 66; Barber v. Babel, 36 Cal. 11.

YOUNG, J. The plaintiff has appealed from an order vacating a default judgment in an action to foreclose a real estate mortgage, and permitting the defendants, Artheme Collin and Julie Collin, his wife, to answer and defend in the action. The mortgage was signed by Artheme Collin and covers 160 acres of land situated in Rolette county, the title to which he acquired from the United States under the homestead law. The mortgage was given on September 9, 1899, to secure an indebtedness aggregating $2,691. It was not signed by Julie Collin, the mortgagor's wife. The action was commenced on August 15, 1903. Alex Currie and A. H. Riggs, copartners as Currie & Riggs, were made defendants as the holders of a subsequent lien. They were served personally. Service upon the mortgagor, Artheme Collin, and upon his wife, was by publication. Judgment by default was entered as prayed for in the complaint, on December 17, 1903. Execution was issued and the premises were sold to the plaintiff and the sale was confirmed on February 25, 1904. The order appealed from, which vacates the judgment and sale and permits the defendants to answer, was signed November 15, 1905, and contains the direction "that this order be and is hereby made and entered nunc pro tunc, as of the time this application was submitted to the court, to wit, the 22d day of March, A. D. 1905."

Counsel for appellant contend that the order should be reversed and urge two grounds: (1) That it was not made within one year after defendants had notice of the judgment; and (2) that the defedants' proposed answer does not state a defense. The application was made under section 5260, Rev. Codes 1899, as amended by chapter 67, p. 78, Laws 1901 (now section 6846, Rev. Codes 1905), which so far as material, reads as follows: "The defendant upon whom service by publication is made, or his representatives, on application and sufficient cause shown at any time before judgment, must be allowed to defend the action, and except in an action for divorce, the defendant upon whom service by publication is made or his representatives, upon making it appear to the satisfaction of the court by affidavit [stating the facts] that he has a good and meritorious defense to the action, and that he had no notice or knowledge of the pendency of the action so as

to enable him to make application to defend before the entry of judgment therein, and upon filing an affidavit of merits, may, in like manner be allowed to defend after judgment, or at any time within one year after notice or knowledge thereof, and within three years after its entry, and on such terms as may be just. * * *" The order was made within three years after the judgment was entered. Counsel's contention is that is was made more than one year after the defendant had notice or knowledge of the judgment, and is void for want of jurisdiction. The record, in our opinion, does not sustain this contention. The mortgagor and his wife resided in the state of New Hampshire when the action was instituted. In their affidavits to open the default, they state that they first learned that an action had been commenced by plaintiff to foreclose the mortgage, and that judgment had been taken, through a letter from J. A. Collin, the mortgagor's brother, who resided near the land, which letter was received "between the 15th day of March, 1904, and the 1st day of April, 1904." The notice of motion to vacate and the moving of affidavits were apparently prepared and served in the latter part of February or first of March, 1905, the date not being given, and this concededly was within one year after the defendants had notice of the judgment. The plaintiff's counter affidavits bear date March 10, 1905. The hearing was noticed for the opening day of the adjourned February term. The record shows that the motion was heard by stipulation on March 22, 1905, both parties being represented by counsel, and no further hearing was had. Leave was then granted to defendants to subsequently prepare and serve affidavits of merits, and this was done. The court's order was not made until November 15, 1905. No objection to the jurisdiction of the court to hear the motion appears to have been made in the trial court, and no objection to the order granting leave to subsequently file the affidavit of merits. The objection is urged for the first time in this court. Upon this state of facts we are agreed that the objection to the jurisdiction cannot be sustained. Confessedly the order was actually made more than a year after the defendants had notice of the judgment. The order recites, however, that the application was submitted on March 22, 1905, and was ordered nunc pro tunc as of that date. This course, we think, was entirely proper. The statement in the record that the application was actually submitted on March 22d must be accepted as true. The parties

evidently so understood it and the filing of affidavits of merits after that date was at most a compliance with a formal requirement as to which there was no objection. The rule is that, where an application to open a default is seasonably made and submitted, the decision of the court thereon is not void because made after the expiration of the time limited by the statute. 7 Enc. Pl. & Pr. 108; Wolff v. Railway Co., 89 Cal. 339, 26 Pac. 825; Conklin v. Johnson, 34 Iowa, 266; Albright v. Warkentin, 31 Kan. 442, 2 Pac. 614. Contra McKnight v. Livingston, 46 Wis. 356, 1 N. W. 14. The order was made as of the date the application was submitted. This court has approved of this course as a proper means of protecting suitors against the court's delay in making its decisions. Sargent v. Kindred, 5 N. D. 472, 67 N. W. 826.

We are also of opinion that the record does not sustain plaintiff's contention that the court had no jurisdiction to hear the application on March 22d. True, the defendants' statements as to when they first learned of the judgment are not definite. They fix the date between the 15th day of March and the 1st day of April. If they learned of it after March 22d, the hearing was in time. If they learned of it before that time the hearing was after time. But, in our view, the question is not material. Concededly, the application was made in time and the plaintiff, having joined in a stipulation fixing the date of hearing on March 22d, could not urge at that time, and according to the record it did not, that the court had no jurisdiction to hear the application. The better rule is that even the court cannot deprive an applicant for relief from a default of his right by continuing the hearing until the statutory period has passed. Albright v. Warkentin, 31 Kan. 442, 2 Pac. 614; Sperring v. Hudson, 37 Kan. 104, 14 Pac. 489. Much less can it be said that a party to the action can, by stipulation for a subsequent hearing, deprive his adversary of his right by urging the very act to which he has consented.

It is also contended that the proposed answer in which the defendants allege the invalidity of plaintiff's mortgage because it was not signed by the mortgagor's wife does not state a defense and that the judgment should therefore not have been set aside. This contention is based upon the fact that the mortgagor obtained title to the land while section 2451, Dak. Comp. Laws 1887, was in force. This section provided that "a conveyance or incumbrance by the owner of such homestead shall be of no validity unless the

husband and wife, if the owner is married, and both husband and wife are residents of the territory, concur in and sign the same joint instrument." It is claimed that the answer shows that the mortgagor's wife resided out of the state when the mortgage was executed, and that the terms of the above section govern, and that the mortgage was therefore valid. It is claimed that section 3608, Rev. Codes 1899 (section 5052, Rev. Codes 1905, which was adopted as chapter 67, p. 185, Laws 1891, and was in force when the mortgage was executed, is not applicable for constitutional reasons. That section provides that "the homestead of a married person cannot be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife." This section, it will be seen, unlike the previous statute, makes no exception as to the requirement for the wife's signature, because of nonresidence. The appellant's contention is that the husband's right of conveyance as it existed under the previous law was a vested right which the legislature could not defeat or destroy by imposing the further restriction, requiring the wife's signature, whether she was a resident or not. We cannot agree to this contention. The constitution of this state (section 208) charged the legislature with the duty of protecting the homstead by suitable laws. One of the means adopted by the legislature for accomplishing this end, and it is common to many states, is the requirement that a conveyance thereof shall not be effective unless signed by both husband and wife. There is no constitutional restriction in this state inhibiting this legislation. It, on the contrary, merely carries into effect the mandate of the constitution. That it is competent for the legislature, in the absence of constitutional restriction, to prohibit the alienation of the homestead without the wife's signaure is well settled. Barton v. Drake, 21 Minn. 299; Barker v. Dayton, 28 Wis. 367. But it is said that the right of individual conveyance is a vested right, and that the legislature cannot take it away. In support of this view, counsel for appellant rely upon Gilmore v. Bright, 101 N. C. 382, 7 S. E. 751. and the case of Gladney v. Sydnor (Mo. Sup.) 72 S. W. 554, 60 L. R. A. 882, 95 Am. St. Rep. 517. These cases hold that the legislature alone cannot take away the right of individual conveyance. That, we think, is the full extent to which they go. They do not sustain the view that the right is one which cannot be waived.

In the Missouri case it was conceded that the right of individual conveyance would be defeated by the filing of a homestead claim by the wife. The court said: "No one under the law had the right to impair or interfere with his right of alienation    except    his wife, and the legislature cannot step in and exercise that privilege for her. She and she alone could exercise it." The North Carolina case is not different. In that case there was no allotment of the homestead, nor any act indicating a purpose to dedicate it to the purposes of a homestead. The court held that the husband's right of individual conveyance could not, under such circumstances, be defeated, but held expressly that the right of individual alienation may be waived. "He may surrender this right by having the land allotted and set apart as a homestead, upon his own petition, or by acquiescing in such an allotment." And the holding has been uniform in that state that, when the owner, having the right of separate conveyance, voluntarily acquiesces in the appropriation of his property as a homestead, he surrenders his absolute right of alienation and it becomes subject to all restrictions relating to the conveyances of homesteads. Bruce v. Strickland, 81 N. C. 267; Castlebury v. Maynard, 95 N. C. 281.

There is some difference of opinion as to whether the right of individual conveyance by a married person is a vested right (Massey v. Womble, 69 Miss. 347, 11 South. 188), also as to whether a change in the law relating to the mode of alienation impairs any right of creditors (Kennedy v. Stacey, 60 Tenn. 220), but there is no difference as to the view that, when the property has been impressed with the homestead character by the consent of the owner, it becomes subject to existing laws regulating its alienation. By consenting to its change from individual to homestead property, the owner surrenders his right of individual alienation. In Thompson on Homesteads, section 230, it is said that "there are three ways in which land may be dedicated as a homestead by the person or persons entitled to claim this right: First, by a public notice of record in conformity with statutory direction or mandates which exist in some of the states; second, by visible occupancy and use; third, by the actual setting off of the homestead by or under the direction of a court of justice." The defendant's answer shows a dedication by occupation and use. It alleges that the mortgagor was the head of a family and resided upon the land in question as a homestead when the mortgage    was    given. This

shows a dedication by him, and a surrender of his right of individual alienation. Having by his own act given the land the character of a homestead, it became subject to existing laws governing the conveyance of homesteads. Section 5052, Rev. Codes 1905, in force when the mortgage in suit was given, required the wife's signature. She did not sign it. It was therefore invalid. In some states a conveyance of the homestead executed by the husband alone is not wholly void, but has the limited effect of transferring the husband's interest, but subject to the homestead estate. Gee v. Moore, 14 Cal. 472. In this state, however, a conveyance of the homestead which is not executed by both husband and wife is void. Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245; Silander v. Gronna (15 N. D. 552) 108 N. W. 554 and cases cited. It is of no validity whatever.

It follows that the answer states a defense, and that the order vacating the judgment and permitting the defendants to answer was proper, and must be affirmed. All concur.