[Civ. No. 375.   First Appellate District.—September 13, 1907.]

EMMA STIERLEN, Appellant, v. GEORGE STIERLEN
and ROSA SCOTT (Otherwise Known as Mrs. GEORGE
STIERLEN), Respondents.

ACTION BY WIFE TO ANNUL SECOND MARRIAGE BY HUSBAND—STATUTE
OF LIMITATION—CONSTRUCTION OF CODE.—A second marriage con-
tracted by the husband while his lawful wife was living, under
a marriage then in force, is void, and may be annulled at the suit
of such lawful wife, at any time during the joint lives of the
parties to the void marriage, or during the entire time that the
void marriage continues to exist, under a proper construction of
subdivision 2 of section 83 of the Civil Code, which must be
liberally construed to effect its objects and to promote justice.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Nathan C. Coghlan, for Appellant.

The maxim *quae cum ita suit* applies to the limitation of
an action by a former husband or wife under subdivision 2
of section 83 of the Civil Code, which by its terms is mani-
festly intended to be exclusive of any other limitation than
that expressed therein, which refers to either party to the
former or subsequent marriage.   Section 343 of the Code of
Civil Procedure cannot negative the limitations expressly ap-
plicable to actions to annul a void marriage.

M. S. Eisner, and Louis Hirsch, for Respondents.

Subdivision 2 of section 83 of the Civil Code only applies
the limitation to an action by either party to the void mar-
riage, and specifies no limitation to an action by the "former
husband or wife."   Courts are only authorized to declare the
law and not to make it.   (*Tynan* v. *Walker*, 35 Cal. 639.)
The only limitation applicable to this action is the four
year period prescribed by section 343 of the Code of Civil
Procedure applicable to actions where relief is not otherwise
provided for.

COOPER, P. J.—Plaintiff declined to amend her complaint after defendants' demurrer had been sustained, and judgment was entered against her. She prosecutes this appeal from the judgment.

It is alleged in the complaint that plaintiff and defendant George Stierlen intermarried in February, 1886, and ever since have been and now are husband and wife; that in November, 1896, defendant George Stierlen, representing himself to be an unmarried man, procured a marriage license, authorizing him to marry one Rosa Scott, and was, after procuring such license, married to said Rosa Scott, who has since been known as Mrs. George Stierlen, and who is one of the defendants; that since said marriage in the month of November, 1896, the defendants have cohabited together as man and wife, and now are living together as man and wife. Judgment is prayed that the said marriage of defendants be declared void and annulled.

It is stated in the briefs that the court sustained the demurrer upon the ground that the cause of action as stated in the complaint appears upon the face thereof to be barred by section 343 of the Code of Civil Procedure, which provides that an action for relief not thereinbefore provided for must be commenced within four years after the cause of action shall have accrued. The question then is as to whether or not the cause of action was barred by the provisions of said section of the code.

In the Civil Code, in chapter II of article I, under the head of "*Nullity*," we find sections 82 and 83, which are as follows:

"Section 82. Causes for anulling marriages. A marriage may be annulled for any of the following causes, existing at the time of the marriage:

"1. That the party in whose behalf it is sought to have the marriage annulled was under the age of legal consent, and such marriage was contracted without the consent of his or her parents or guardian, or person having charge of him or her; unless, after attaining the age of consent, such party for any time freely cohabited with the other as husband or wife.

"2. That the former husband or wife of either party was living, and the marriage with such former husband or wife was then in force.

"3. That either party was of unsound mind, unless such party after coming to reason, freely cohabit with the other as husband or wife.

"4. That the consent of either party was obtained by fraud, unless such party afterward, with full knowledge of the facts constituting the fraud, freely cohabited with the other as husband or wife.

"5. That the consent of either party was obtained by force, unless such party afterward freely cohabited with the other as husband or wife.

"6. That either party was, at the time of marriage, physically incapable of entering into the marriage state, and such incapacity continues, and appears to be incurable.

"Section 83.   Actions therefor, when to be commenced. An action to obtain a decree of nullity of marriage for causes mentioned in the preceding section, must be commenced within the periods and by the parties as follows:

"1. For causes mentioned in subdivision one; by the party to the marriage who was under the age of legal consent, within four years after arriving at the age of consent; or by a parent, guardian or other person having charge of such nonaged male or female, at any time before such married minor has arrived at the age of legal consent.

"2. For causes mentioned in subdivision two; by either party during the life of the other, or by such former husband or wife.

"3. For causes mentioned in subdivision three; by the party injured, or relative or guardian of the party of unsound mind, at any time before the death of either party.

"4. For causes mentioned in subdivision four; by the party injured, within four years after the discovery of the facts constituting the fraud.

"5. For causes mentioned in subdivision five; by the injured party, within four years after the marriage.

"6. For causes mentioned in subdivision six; by the injured party, within four years after the marriage."

It is evident that the above sections were intended to cover the grounds for which a marriage may be annulled, the parties who may bring such actions, and the time within which each must be brought.   We must look at the whole of the provisions of the sections in order to arrive at a correct solution of the question involved in this case.   It will be noted

that for any of the causes mentioned in subdivisions 1, 4, 5 and 6, that is, when the party was under the age of legal consent, or when the consent was obtained by fraud, or force, or when either party was at the time of the marriage incapable of entering into the marriage state, and such incapacity continues or is incurable, the period is four years, with the provision in regard to subdivision 4 that the four years shall begin to run from the discovery of the facts constituting the fraud. The period of four years is applied to all cases in which the marriage is not void but voidable. We can see much reason for the provisions of the code that in cases where the marriage is only voidable the parties should be required to bring suit and show that it was so, within a fixed and definite time, or forever be precluded from doing so. But subdivisions 2 and 3 deal with marriages which are illegal and void from the beginning. If either party was of unsound mind the marriage as to such party is void, for the reason that, having no mind capable of consenting, he cannot enter into the contract of marriage. It is, therefore, provided, that an action to annul the marriage may be brought by the party injured, or by a relative or guardian of the party of unsound mind "at any time before the death of *either* party." The party of unsound mind was not competent to enter into such marriage relation. So in regard to subdivision 2. A party who is already married, and who has a husband or wife living, cannot legally contract another marriage. The marriage attempted in such case is void, and made so by the code. (Civ. Code, sec. 61.) Although void it may cause trouble or annoyance either as to property rights, the legitimacy of children, or the peace of mind of the injured party. It is, therefore, plain that either husband or wife, parties to the subsequent illegal marriage, may maintain an action during their joint lives to have the marriage annulled. Section 83 lays down the rule as to when such action must be commenced, and states that such actions *must* be commenced within the periods named. The only *period* named for commencing an action to annul an illegal marriage because one of the parties was already married is during the joint lives of the parties to such illegal marriage. If either should die such marriage is no longer in existence, and there is nothing to annul. The section further makes provision that such void marriages may be an-

nulled at the instance of the former husband or wife. It can only be annulled while both parties to the void marriage are living. The right is given to either party to such void marriage to bring an action to annul it at any time during their joint lives, and the right is equally given to the former husband or wife to bring such action while such illegal status exists and for precisely the same time. If the section read that such action might be brought "by either party during their joint lives," it would mean the same as "by either party during the life of the other." If it read "by either party, or by such former husband or wife, during the joint lives of the parties to the void marriage," there could be no question about it. Its meaning would be plain. We think, notwithstanding the wording and arrangement of the subdivision, that such is its meaning. It was intended that either party to the void marriage, or the former husband or wife, might maintain the action, and that it might be commenced during the entire time the void marriage was in existence. Such is the fair common sense meaning of the section. It must be liberally construed with a view to effect its objects and to promote justice.

The judgment is reversed.

Hall, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 11, 1907.