[Civ. No. 750. First Appellate District.—March 17, 1910.]

## GEORGE FRANK COMPANY, a Corporation, Appellant, v. LEOPOLD & FERRON COMPANY, a Corporation, Respondent.

Judgment Against Foreign Corporation—Void Service of Summons on Secretary of State—Vacation Within Reasonable Time.— The service of summons against a foreign corporation not doing business in this state cannot be made upon the Secretary of State, and a judgment against it by default, based upon such service, is void in fact, for want of jurisdiction over the person of the defendant, and may be vacated upon affidavit showing the facts within a reasonable time after the entry of the judgment.

Id.—Judgment Void in Fact—Want of Jurisdiction of Person— Reasonable Time Not Limited by Code.—A motion to vacate a judgment not void upon the face of the judgment-roll, but void in fact only for want of jurisdiction of the person of the defendant, is not limited as to a reasonable time within which to notice the same, by the terms of section 473 of the Code of Civil Procedure. The right to have a void judgment vacated exists independent of, and outside of, any statutory provision.

Id.—Limit of Time to be Determined by Trial Court.—While the court may vacate a judgment void upon its face at any time, and can only vacate a judgment merely void in fact, for want of jurisdiction over the defendant, within a reasonable time, yet the limit of such reasonable time, in the absence of a statutory provision, should be largely left to the determination of the trial court.

Id.—Notice Specifying Entry of Judgment — Six Months — Presumption—Burden of Proof.—Where the notice of the motion to vacate the judgment specified its *entry* within six months prior thereto, and the record shows nothing to the contrary, it must be presumed against the appellant, upon whom the burden of showing error lies, and in support of the order vacating the judgment, that the entry of the judgment was within six months preceding such notice.

Id.—Rendition of Judgment—Lapse of Six Months and One Day —Power of Court.—Where the judgment by default was rendered against the defendant by the judge signing the same, and the filing thereof with the clerk six months and one day prior to the notice of motion to vacate the judgment, as being void in fact, it cannot be held that such lapse of time after the rendition of the judgment, as distinguished from its entry, was unreasonable, or that the court had no power, under such circum-

stances, to vacate such judgment, upon proof *dehors* the record, 'that the court never obtained jurisdiction over the defendant.

APPEAL from an order of the Superior Court of Santa Clara County, vacating a judgment by default. J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Will M. Beggs, J. S. Partridge, and R. C. McComish, for Appellant.

Campbell, Metson, Drew, Oatman & Mackenzie, for Respondent.

HALL, J.—This is an appeal from an order vacating and setting aside a default judgment entered against defendant as damages for an unlawful and malicious attachment.

The action is purely a personal one, and was brought in October, 1906. The defendant is a foreign corporation, organized and existing under the laws of the state of Illinois. It had never filed in the office of the Secretary of State of this state a copy of its articles of incorporation, or a designation of an agent upon whom process might be served, as is required by the statute of this state of all foreign corporations doing business in the state. (Civ. Code, secs. 405, 408.)

Service of summons was made upon defendant by serving a copy of the summons and complaint upon the Secretary of State.

Upon the sixteenth day of November, 1906, a judgment, upon default, against defendant for the sum of $25,000 was signed by the judge of the court and filed with the clerk. On the seventeenth day of May, 1907, just six months and one day after the rendition of the judgment, the defendant specially appeared in the action for the purpose of its 'motion only, and gave and filed a notice of motion to vacate and set aside said judgment upon the ground that the court never obtained jurisdiction of the defendant, in that no service of summons, as required by law, had been made on defendant, and that it had never appeared in said action or submitted itself to the jurisdiction of the court. Upon the hearing the court granted the motion, and it is from this order that the plaintiff has appealed. At the hearing the court

allowed defendant to read in evidence an affidavit served with the notice and other affidavits replying to affidavits read by plaintiff. From the affidavits read by defendant it appears that defendant was not at the time of bringing the action, and had not for over a year prior thereto, or since, been engaged in business in the state of California, nor had it at that time, nor for over a year prior thereto, nor since, any officer, managing or business agent, cashier or secretary, officer, representative, or agent in said state of California.

In other words, the facts disclosed by these affidavits show that service of summons on this defendant could not be had in this action by service of such summons on the Secretary of State, and in consequence the judgment is void. We do not understand that this is disputed by appellant. Its contention is that the motion came too late to permit the use of proof *aliunde* the judgment-roll to show its invalidity for want of jurisdiction over the defendant, in that the motion was made more than six months after the judgment was *taken*. The record does not disclose when the judgment was entered other than the notice of the motion recited that the judgment was entered on the seventeenth day of November, 1906; but if the date of its entry be important, we would assume as against an appellant, upon whom the burden of showing error lies, and in support of the order of the trial court, that the entry was within six months preceding the notice of motion.

The fallacy of appellant's position lies in the assumption that the time within which a motion to set aside a judgment void in fact, but not so appearing upon the judgment-roll, is limited by section 473, Code of Civil Procedure. This motion is not made under this section at all. The right to have a void judgment vacated and set aside exists independent of and outside of any statutory provision. (*Waller* v. *Weston,* 125 Cal. 201, [57 Pac. 892]; *Norton* v. *Atchison etc. R. R. Co.,* 97 Cal. 388, [33 Am. St. Rep. 198, 32 Pac. 452]; *Mott Iron Works* v. *West Coast Plumbing Co.,* 113 Cal. 341, [45 Pac. 683].) Where the judgment appears to be void upon its face, that is, by inspection of the judgment-roll, it may be vacated upon motion at any time; but where its invalidity must be shown by extrinsic proof, it is well settled that such motion can only be entertained when made within a rea-

sonable time.   In this connection appellant insists that it has
been settled in this state by authoritative decisions that such
reasonable time cannot exceed the maximum time allowed for
the motions authorized by section 473, Code of Civil Proce-
dure, and that the time allowed by that section cannot ex-
ceed six months from the *rendition* of the judgment as con-
tradistinguished from the *entry* thereof.

We have examined all the cases cited by appellant as well
as all those cited by respondent upon this point, and we are
of the opinion that the result of the decisions is that a mo-
tion to vacate a void judgment, not appearing to be such
upon its face, must be made within a reasonable time.   So
much has been authoritatively settled.   But in none of the
cases has it been decided whether the time shall run from the
rendition of the judgment or from the entry thereof.   In
none of the cases has it been necessary to fix precisely what
is a reasonable time.   It being established that the motion
may be made within a reasonable time, it would seem to fol-
low on principle that what is a reasonable time, in the ab-
sence of a statutory limitation, should be largely left to the
determination of the trial court.   We have just said that in
none of these cases has it been necessary to fix precisely what
is a reasonable time for such a motion as this.   *Norton* v.
*Atchison etc. R. R. Co.,* 97 Cal. 388, [33 Am. St. Rep. 198, 30
Pac. 585, 32 Pac. 452], may be considered a leading case in
this state upon the right to vacate a judgment, void in fact,
but not so appearing upon the record, by motion.   The right
to vacate such a judgment upon motion at all was attacked,
and it was held that the right existed, but must be exercised
within a reasonable time.   It was there said: "Under our
present system, terms of court are abolished, and a motion to
set aside a judgment would have to be made within a rea-
sonable time; and perhaps, following the analogy of section
473, six months might be considered the extent of a reason-
able time for the motion; but however that may be, there is
no question in the case at bar as to reasonable time because
the motion was made within ten days after the judgment.
. . . We hold, therefore, that when a nonresident has not been
personally served within the state, the court has power, within
a reasonable time, when it finds that it has been deceived by
a false return of such service within the state, to quash the

service of summons and vacate the judgment. This is as broad a statement of the rule as the facts of this case require.''

It is thus apparent that it was only decided in that case as to the time of such motion that it must be made within a reasonable time, and that ten days was such reasonable time. The suggestion that the time fixed by section 473, Code of Civil Procedure, should be adopted cannot mean anything more than that approximately such time should not be exceeded, in view of the fact that it laid down authoritatively that such motion may be made within a reasonable time, and in view of the rule that what is a reasonable time, in the absence of a statutory limitation, is a question largely within the discretion of the trial court.

In *People* v. *Temple,* 103 Cal. 453, [37 Pac. 415], cited by appellant, the motion was made more than twelve years after the judgment was *entered,* and it was held that it came too late. It was there said "that a judgment which is in fact void for want of jurisdiction over the person of the defendant, but where its invalidity does not appear from the judgment-roll, may be set aside upon motion within a reasonable time after its *entry.''* (Italics are ours.) The court further said: "And what is a reasonable time within which a motion may be made to set aside a judgment, not void upon its face, must depend somewhat upon the circumstances of each particular case, and is not definitely determined further than that it will not extend beyond the limit fixed by section 473 of the Code of Civil Procedure.'' This reference to what has been "determined,'' so far as we are advised, has no greater justification than the suggestion concerning the effect of section 473, in *Norton* v. *Atchison etc. R. R. Co.,* 97 Cal. 388, [33 Am. St. Rep. 198, 30 Pac. 585, 32 Pac. 452]. No such point was there definitely determined or determined at all.

Whether or not the exact time limited for motions under section 473, Code of Civil Procedure, was the maximum limit for a motion to vacate a judgment void *dehors* the record was not involved in the Temple case. The gist of the decision is contained in the concluding paragraph, which is, "The judgment was not void upon its face, and could not, upon that ground, be set aside on motion. The motion was made more than *twelve years after the judgment was entered, and was*

*not within a reasonable time.* The court had no power, therefore, to grant the motion, and its action in doing so must be held void and of no effect.'' (Italics are ours.)

When this case is carefully read in the light of its facts it will be seen to only authoritatively decide that such a motion as was there involved must be made within a reasonable time, and that twelve years after the *entry* of judgment is not a reasonable time.

*People* v. *Harrison,* 107 Cal. 541, [40 Pac. 956], cited by appellant, involved rights of conflicting purchasers of state lands. Incidental reference is made to an order vacating a judgment not void upon the record, made three years after the rendition of the judgment, and the Temple case is cited as determining that such a motion must be made within six months after the rendition of the judgment. But all that was said on this subject is *obiter,* as the case was decided upon another point and in favor of the party relying on the order.

*People* v. *Norris,* 144 Cal. 422, [77 Pac. 998], also cited by appellant, decides that on a motion made six years after judgment, evidence *dehors* the record cannot be used to prove the invalidity of the judgment.

On the other hand, there are expressions in cases to the effect that the time runs from the *entry* of the judgment. But in none of the cases was any point being made as to whether or not the time should be counted from the *rendition* or *entry* of the judgment.

So, too, in none of the cases cited on either side was it important for the court to fix accurately what should be the maximum limit for a reasonable time within which a motion to vacate a judgment, void in fact but not so appearing on the record, must be made. In no case did the time involved approximate near to six months, either from the rendition or entry of the judgment. The fundamental rule recognized in all the cases is that such motion must be made within a reasonable time. That is as much as has been authoritatively decided.

The section of the code relied on by appellant does not deal with the matter of vacating void judgments at' all.

In the state of the authorities on the subject we are not prepared to say that a motion made six months and one day after the rendition of a judgment, void in fact, is not made

within a reasonable time, or that the court had no power under such circumstances to vacate such judgment upon proof *dehors* the record that the court never obtained jurisdiction over the person of the defendant.

The order is affirmed.

Kerrigan, J., and Cooper, P. J., concurred.