[Civ. No. 1019.   First Appellate District.—April 2, 1912.]

EMMA STIERLEN, Appellant, v. GEORGE STIERLEN and ROSA SCOTT (Otherwise Known as Mrs. GEORGE STIERLEN), Respondents.

Divorce in Another State — Vacating Decree for Fraud — Jurisdiction not Limited to Code Provision for Other Relief—Motion Within Reasonable Time.—Where a divorce between a husband and wife was obtained in another state, an order obtained by the wife, upon notice to the husband, vacating the decree on the ground of fraud practiced both upon the court and upon the wife by the husband in its procurement, is not governed by a code provision of such state limiting the time for relief from a judgment for mistake, inadvertence, surprise or excusable neglect, but is governed by what the court may deem a reasonable time for relief on the ground of fraud.

Id.—Rule in This State as to Void Judgment.—In this state a void judgment is not governed by section 473 of the Code of Civil Procedure.

Id.—Comment by Supreme Court.—The supreme court in denying a rehearing expresses its opinion that the foregoing statement is not necessary to the decision, and that in so far as it may be construed as applying to any judgment not void on its face, viz., on an inspection of the judgment-roll, its correctness is doubted, and approval is withheld therefrom.

Id.—Inherent Power of Courts of General Jurisdiction to Relieve from Judgments for Fraud—Question of Reasonable Time—Discretion.—The power to vacate upon motion a judgment obtained by fraud is inherent in courts of general jurisdiction, and the same may be exercised after the lapse of the statutory time for relief on other grounds, provided such motion is made within a reasonable time. What is a reasonable time for such relief on the ground of fraud is a matter of sound legal discretion in the court in which the motion is made.

Id.—Determination Against Laches of Wife in Moving to Set Aside Decree—Conclusiveness in This State—Second Marriage of Husband.—Where the court of the state in which the decree of divorce was rendered, in setting aside the decree, held that the wife was not guilty of laches in making her application to set aside the decree on the ground of fraud of the husband in procuring the decree, that interpretation of the law of that state is conclusive upon the courts of this state, in which the validity of a second marriage by the husband is involved.

18 Cal. App.—39

ID.—ACTION BY FORMER WIFE TO ANNUL SECOND MARRIAGE OF HUSBAND —ABSENCE OF LIMITATION DURING JOINT LIVES.—Where the husband, after obtaining the fraudulent decree of divorce against his former wife, remarried in this state, after the annulment of such fraudulent decree such remarriage may be annulled at the suit of the former wife, without any other limitation than that, under section 53 of the Civil Code, such suit may be brought at any time during their joint lives; and the fact that it was not begun until nearly seven years after the entry of the decree of divorce is not imputable as laches.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Frank J. Hennessy, for Appellant.

F. V. Meyers, for Respondents.

KERRIGAN, J.—This is an appeal by plaintiff from a judgment in favor of defendants, and from an order refusing a new trial, in an action to annul the marriage of the defendants.

In February, 1886, the plaintiff and the defendant George Stierlen were married in San Francisco. There they continuously resided from that time until the month of March, 1896, when George Stierlen left plaintiff, and after visiting several places, arrived in the state of North Dakota in the following month, where he remained until the following November, when he returned to California and permanently resumed his residence here—having been absent from the state for not more than seven months. While in North Dakota, and in the month of July, he filed in that state a complaint in divorce against the plaintiff herein. Within the time allowed by law she filed an answer, which she subsequently withdrew; and the court, after hearing the evidence introduced on behalf of George Stierlen, on the seventeenth day of November, 1896, dissolved the marriage. Upon the entry of the decree George Stierlen left the state of North Dakota and returned to California, as above mentioned, where on the twenty-seventh day of November, a few days after his arrival here, he married the defendant Rosa Scott. Shortly thereafter he again visited North Dakota, remaining there about six weeks.

On the twenty-fifth day of September, 1897, Emma Stierlen filed in the North Dakota court a petition to set aside said decree of divorce, whereupon an order to show cause was issued, directing George Stierlen to show cause on October 23, 1897, why the decree of divorce should not be vacated and set aside. The hearing of this motion was continued by consent from time to time until March 14, 1898, when evidence was introduced in support of the motion, which tended to show that George Stierlen was not a *bona fide* resident of North Dakota, that the decree was obtained on perjured testimony, that Emma Stierlen had a good defense to the action—although her attorney (who was in the employ of her husband) advised her otherwise; that an agreement entered into between herself and her husband settling their property rights—by the terms of which she agreed not to resist the proceeding for a divorce—was the result of false representations as to the merits of her defense and as to her rights, made to her by her attorney and other agents of her husband. Said petition, which was verified, embraced many additional averments of deceit, concealment and fraud.

It may also be mentioned here that at this hearing the court's attention was for the first time called to the fact that George Stierlen in his complaint alleged that he had theretofore, with intent to give his wife a ground for divorce, committed an act of adultery.

On March 14, 1898, the said motion was granted, and the decree of divorce annulled. From this order George Stierlen appealed to the supreme court of North Dakota, which court, on April 18, 1899, dismissed the appeal.

Subsequently, on August 19, 1899, the attorneys for George and Emma Stierlen joined in a stipulation dismissing the action.

Over three years thereafter, to wit, in January, 1903, Emma Stierlen, represented by a different attorney, brought the present action to have declared null and void the marriage between George Stierlen and Rosa Scott.

Other facts pertinent to the appeal will be mentioned in the course of the opinion.

In support of the judgment in the case at bar, and the order denying plaintiff's motion for a new trial, the respondents urge that the order of the court of North Dakota vacating the

decree of divorce theretofore rendered by it was and is void, because not made within one year after the moving party in the proceeding to set aside said decree had received notice of the making thereof, and that, therefore, Stierlen's marriage to the plaintiff having been dissolved, there was no impediment to his subsequent marriage to his codefendant, Rosa Scott.

The question to be determined by this court, then, is the validity of the said order vacating said decree of divorce.

Section 6884 of the Code of Civil Procedure of the state of North Dakota was introduced in evidence at the trial of this cause, and the part thereof material to this inquiry reads as follows: "The court . . . may also in its discretion, and upon such terms as may be just, at any time within one year *after notice thereof,* relieve a party from a judgment . . . taken against him through his mistake, inadvertence, surprise, or excusable neglect. . . ."

As we have seen, the divorce was granted on November 17, 1896; the petition to set it aside was filed September 25, 1897, and it was set for hearing October 23, 1897, but owing to continuances by consent of the parties it was not heard until March 14, 1898, at which time the judgment was set aside. It is the respondents' contention that the motion not having been submitted for decision within one year after the receipt by plaintiff of notice of the decree, the court lost jurisdiction to make its order setting aside the judgment; citing *Sargent* v. *Kindred,* 5 N. D. 472, [67 N. W. 826] ; *Garr Scott & Co.* v. *Collin,* 15 N. D. 622, [110 N. W. 81]. Other cases to the same effect are *Knox* v. *Clifford,* 41 Wis. 458; *Nicklin* v. *Robertson,* 28 Or. 278, [52 Am. St. Rep. 790, 42 Pac. 993].

It is doubtless true, as stated by respondents, that where an order, made by a foreign court or by a court of a sister state, setting aside a judgment, is void for want of jurisdiction, it is subject to attack either in a direct or a collateral proceeding. (Black on Judgments, secs. 275, 278, 289, 818.)

But whether or not the motion to vacate the judgment came within the terms of section 6884, Code of Civil Procedure of North Dakota, is unimportant here, for the reason that it was not claimed that the judgment of the North Dakota court was taken against Emma Stierlen by reason of any of the matters enumerated in that section. The attack upon the

judgment was based upon an alleged fraud committed both upon the court rendering it and upon the defendant in the action. Hence that section is not controlling. (Black on Judgments, sec. 297 et seq.)

In this state a void judgment is not governed by section 473, Code of Civil Procedure—our corresponding section to the North Dakota section above cited. (*George Frank Co.* v. *Leopold & Ferron Co.,* 13 Cal. App. 59, [108 Pac. 878].)

The rule is the same in North Dakota. (*Freeman* v. *Wood,* 11 N. D. 1, [88 N. W. 721]; *Kitzman* v. *Minnesota etc. Mfg. Co.,* 10 N. D. 26, [84 N. W. 585]; *Martinson* v. *Marzolf,* 14 N. D. 301, [103 N. W. 937].) There, as in many other states of the Union, the rule is that the power to vacate upon motion a judgment obtained by fraud is inherent in courts of general jurisdiction, and that the same may be exercised after the lapse of the statutory time which limits the entertainment of applications based upon surprise, inadvertence and so forth, provided that such motions are made within a reasonable time. What is a reasonable time is a matter of sound legal discretion in the court in which the motion is made.

In the present case the North Dakota court held that Emma Stierlen was not guilty of laches in making her application. That interpretation of their law is conclusive upon the courts of this state. (*McGrew* v. *Mutual Life Ins. Co.,* 132 Cal. 85, [84 Am. St. Rep. 20, 64 Pac. 103]; 1 Black on Judgments, secs. 329, 842, 859, 861; Black on Interpretation of Laws, p. 623.)

The question of the plaintiff's laches in not bringing the present action until nearly seven years after the rendition or entry of the decree of divorce was decided against the defendants on the former appeal, when it was held that, under the terms of section 83 of the Civil Code, a suit for annulment of a marriage on the ground that the defendant had a former husband or wife living might be brought at any time during their joint lives. (*Stierlen* v. *Stierlen,* 6 Cal. App. 420, [92 Pac. 329].)

The judgment and order are reversed.

Hall, J., and Lennon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by

the supreme court on June 1, 1912, and the following opinion then rendered thereon:

THE COURT.—In denying the application for a hearing in this court after decision by the district court of appeal for the first district, it is proper to say that the following paragraph in the opinion, namely: "In this state a void judgment is not governed by section 473, Code of Civil Procedure—our corresponding section to the North Dakota section above cited (*George Frank Co.* v. *Leopold & Ferron Co.,* 13 Cal. App. 59, [108 Pac. 878])'' is not necessary to the decision. In so far as this may be construed as applying to any judgment not void on its face—viz., on an inspection of the judgment-roll—we doubt its correctness, and withhold our approval therefrom.

The application for a hearing in this court is denied.