[Civ. No. 20363. First Dist., Div. One. Mar. 12, 1962.]

McCOY MOMPHREY, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents; MAE JEWELL MOMPHREY, Real Party in Interest.

Marvin C. Hix for Petitioner.

No appearance for Respondents.

John H. McFeeley, Jr., for Real Party in Interest.

BRAY, P. J.—Petition for writ of prohibition to prohibit the trial court from continuing with a contempt proceeding and from enforcing an order "modifying" the final judgment of divorce and ordering defendant to pay to plaintiff support for the minor children of the parties.

### RECORD

On August 3, 1955, in a divorce action then pending between Mae Jewel Momphrey as plaintiff and petitioner as defendant, an interlocutory decree of divorce was entered granting Mae Jewel Momphrey a divorce, and awarding her the custody of the two minor children of the parties. The decree approved and incorporated a property settlement agreement between the parties. Neither in that agreement nor in the decree was any mention made of payment by defendant of support for said children.

On December 16, 1955, on the hearing of an order to show cause why the interlocutory judgment of divorce should not be modified to require defendant to pay the support of the minor children of the parties, a minute order was entered which stated, "Defendant to pay to plaintiff the sum of $50.00 a month child support. . . ."[1] Apparently no formal order was entered.

On August 23, 1956, without notice to plaintiff, petitioner obtained a final decree of divorce which omitted any mention of support and which awarded the custody of the children to the defendant.

On May 9, 1957, there was entered an "Order Directing Defendant to Pay Support Money for Minor Children." This order stated "that by a previous minute order entered herein on December 16, 1955, the defendant was ordered to pay" $50 per month for the support of the children. It found defendant in default under that order and ordered defendant to pay certain sums per week until the arrearage was paid.

On September 26, 1957, defendant was found guilty of contempt of court for failure to pay said support and was ordered into the custody of the sheriff.

On May 9, 1957, an order amending the final judgment of divorce was entered. This order stated, "Plaintiff's order

---

[1]This statement is taken from defendant's "Notice of Motion to Vacate and Set Aside Orders and Modified Decree" and the affidavit of defendant's counsel filed in said proceeding. On checking with the county clerk it appears that there is no entry in the minute book as of that day. However, in the register of actions appears the following: "Ord Deft pay $50 mo Child Support."

to show cause why the final judgment of divorce entered herein on August 23, 1956, should not be amended so as to conform with the record of the proceedings in the above entitled matter coming on to be heard . . . and it further appearing that on December 16, 1955, a minute order was entered in the above entitled matter whereby the defendant, McCoy Momphrey, was ordered to pay for the support and maintenance of the minor children . . . and said provisions of said minute order as to support money and counsel fees were omitted from the final judgment of divorce. . . .

"Now, Therefore, IT IS ORDERED that the final judgment of divorce entered herein on August 23, 1956, be and the same is hereby amended in the following respects and particulars: . . ." It struck out the award of the custody of the children to defendant and awarded their custody to the plaintiff as in the interlocutory decree. It then ordered defendant to pay plaintiff for the support of the children the sum of $50 per month commencing December 16, 1955.

On October 9, 1957, defendant moved the court to vacate and set aside the order set forth in the minutes of December 16, 1955, the order of May 9, 1957, directing defendant to pay support for the children, and the order of May 9, 1957, amending the final decree of divorce. On November 28, 1961, the court denied this motion and set a time for hearing of the order to show cause in contempt theretofore issued. Defendant did not appeal from any of the orders.

### No Grounds for Writ of Prohibition

When this court issued the alternative writ herein we were misled by petitioner's designation of the order amending the final judgment of divorce as an order "modifying" that judgment. No copy of the order accompanied the petition. Petitioner contended that under Civil Code section 138 as amended in 1951 the court had no jurisdiction to modify a final decree of divorce to provide child support if the decree itself did not so provide. Nor did petitioner acquaint us with the true facts. It now appears from the record that petitioner not only deceived this court but in his zeal to avoid paying support for his children likewise deceived the trial court. Thus, in presenting to that court the proposed final decree he failed to notify the court that in place of the award of custody of the children to plaintiff as it appeared in the interlocutory decree he substituted an award of their custody to himself. Nor did he call the court's attention to

the proceedings that had been had since the interlocutory decree was entered, which, in effect, modified the interlocutory decree to require him to pay support for his children.

The order of December 16, 1955, constituted an underlying order for support which should have been carried into the later final decree of divorce. The failure to disclose to the court at the time plaintiff obtained ex parte the interlocutory decree of divorce this order and the fact that the interlocutory decree awarded custody to the plaintiff, constituted extrinsic fraud, and the court at any time had a right to modify the final decree to set forth the correct matter therein.

In *McGuinness* v. *Superior Court* (1925) 196 Cal. 222 [237 P. 42, 40 A.L.R. 1110], there was a somewhat similar situation to that here. There, after entry of an interlocutory decree of divorce the parties reconciled and lived together. Without notice to the wife and without disclosing the true situation to the court, the husband obtained a final decree of divorce. More than six months thereafter the wife moved to set the decree aside upon the ground of fraud. The husband sought a writ of prohibition to prohibit the trial court from proceeding on the motion, contending, as does defendant here, that as the motion was made too late to come within the provisions of section 473, Code of Civil Procedure, the court had no jurisdiction to set aside the decree. The court held that the failure of the husband on an ex parte application to inform the court of the true facts concerning the situation of the parties constituted extrinsic fraud, and that, quoting from *Stierlen* v. *Stierlen,* 18 Cal.App. 609 [124 P. 226, 228], " 'the power to vacate upon motion a judgment obtained by fraud is inherent in courts of general jurisdiction, and that the same may be exercised after the lapse of the statutory time which limits the entertainment of applications based upon surprise, inadvertence and so forth, provided that such motions are made within a reasonable time. What is a reasonable time is a matter of sound legal discretion in the court in which the motion is made.' " The court then said, "We are, therefore, of the opinion that there is no merit in the petitioners' contention that the plaintiff in the divorce action had lost the right to make her motion to set aside said final decree in the trial court upon the ground of fraud committed upon herself and upon the court in its procurement because her said motion was not made within the time prescribed in section 473 of the Code of Civil Procedure."

(P. 232; see also *Davis* v. *Davis* (1960) 185 Cal.App.2d 788 [8 Cal.Rptr. 874], and cases cited, pp. 793-794.)

While in *McGuinness* the court set aside the decree, the principles therein set forth apply equally to an amendment of the decree to conform to the true record, as was done in our case.

■ "The *McGuinness* case set the rule in this state that where a divorce has been procured by extrinsic fraud the trial court has 'inherent' power, notwithstanding the lapse of time, to purge its records of the fraud by setting aside the former decree. . . .

"However, the whole theory of the *McGuinness* case is that the trial court had the 'inherent power and jurisdiction' to purge its own record of the fraud on that court." (*Dei Tos* v. *Dei Tos* (1951) 105 Cal.App.2d 81, 83 [232 P.2d 873].)

■ This case also holds that the jurisdiction of the court in a case of extrinsic fraud may be invoked at any time by a motion addressed to the court. (See *Olivera* v. *Grace* (1942) 19 Cal.2d 570, 576 [122 P.2d 564, 140 A.L.R. 1328].)

The alternative writ is discharged and the petition for a peremptory writ of prohibition is denied.

Tobriner, J., and Sullivan, J., concurred.