(76 N. W. Rep. 1051.)

---

GEORGE EDMONSON vs. THOMAS WHITE, et al.

Opinion filed October 13th, 1898.

**Certificate of Appeal Under Newman Law.**

Construing section 5630, Rev. Codes, this court is without authority to review the evidence, for the purpose of deciding whether the findings of fact are justified by the evidence, in a case where the certificate of the Court below fails to show that all of the evidence offered at the trial is certified to this court.

**Improper Certificate to Stated Case.**

In this case the certificate of the trial court stated that the statement of the case contained all the evidence "considered and proceedings had." *Held,* that, under such certificate, the evidence cannot be reviewed.

**Findings of Fact Not Considered.**

*Held,* further, for the same reason, that findings of fact proposed and refused below cannot be inquired into.

**Conclusion of Law Justified by Findings.**

Also *held,* that the conclusions of law herein are justified by the findings of fact.

Appeal from District Court, Bottineau County; *Morgan,* J.

Action by George Edmonson and Kate Edmonson against Thomas White, as sheriff of Bottineau County, and the First National Bank of Grand Forks, to enjoin an execution sale. From a judgment for plaintiff, defendants appeal.

Affirmed.

*McDermont & Mayer,* for appellants.

*V. B. Noble* and *E. A. Maglone,* for respondents.

WALLIN, J. This action was brought to enjoin the sale of a certain tract of land claimed by the plaintiffs as their homestead, and which it is conceded is the land of the plaintiff George Edmonson. The defendant White, as sheriff, to satisfy a judgment against said George Edmonson in favor of said First National Bank, levied upon the land, and advertised to sell the same to satisfy said judgment.

Issue being joined, the case was tried to the Court, and findings of fact and law were made and filed; whereupon judgment was entered in favor of the plaintiffs, granting the relief prayed for in the complaint.

Defendants challenge a number of the most important findings of fact filed by the trial court, and have incorporated in the record specifications stating wherein, as defendants claim, such findings are not justified by the evidence. Defendants have further excepted to certain conclusions of law filed by the Court upon the facts as found by the Court. The record further discloses that the defendants except to the refusal of the trial court to make and file certain findings of fact as proposed by the defendants. The action was tried by the Court in June, 1896, and hence is governed by section 5630 of the Revised Codes, which took effect January 1, 1896. That section requires: First, that "all the evidence offered at the trial shall be received;" second, that, where it is sought to have the evidence reviewed, a statement of the case may be settled in the manner pointed out in said section; third, "which statement shall contain in a narrative form without unnecessary repetition all the evidence offered at the trial." The last provision of the section is as follows: "The Supreme Court shall try the case anew and render final judgment therein according to the justice of the case." In reviewing the evidence, this Court tries the case anew, but, inasmuch as our jurisdiction in this class of cases is purely appellate, the trial in this Court can be had anew only upon such evidence as may be found in the record sent up. We cannot take new testimony here for the purpose of trying the case anew, under this statute. See *Christianson* v. *Association,* 5 N. D. 438, 67 N. W. Rep. 300. Under this section of the Code, an appellant who seeks to have the testimony reviewed in this Court is required, not only to embody in the record the testimony and reduce it to a narrative form, but it is further especially required that the statement of the case shall contain "all the evidence offered at the trial." · The obvious purpose of this section, as well as that which it amends, is to place before this Court all the evidence offered below, and then to require this Court to try the case upon such evidence and the whole thereof. The fact that an item of evidence offered below was incompetent or inadmissible for any reason, and hence was not considered in the trial court, cannot operate to exclude such item from the statement. The plain language of section 5630 precludes such a construction of the law.

These preliminary observations lead up to a point which, in our judgment, must dispose of the case. In this Court the respondents call our attention to the certificate of the trial court, and take the position that, on account of defects in such certificate, this Court is without authority to try the case anew, under the evidence in the record. The judge's certificate appended to the record, excluding its immaterial recitals, is as follows: "I do hereby certify that the foregoing is a full and true statement of the case, and contains

all the evidence considered and proceedings had therein, and it is hereby ordered that the agreed statement, as hereunto annexed, be, and the same is hereby, allowed and settled as a full and correct statement of the case." There is a recital in the record, preceding that part thereof which is headed "Bill of Exceptions," that is explanatory of the language contained in the judge's certificate above set out. This recital is to the effect that all the evidence in the case was reduced to writing, and then proceeds as follows: "And so far as necessary (said testimony and deposition being all the testimony on the trial herein) is referred to, and upon said testimony a bill of exceptions was settled as follows." Then follows what is called the "bill of exceptions," to which the certificate is appended. This recital shows on its face that the entire mass of the evidence was accessible, and that the same was referred to and was the basis upon which the bill was settled, but it also appears that the testimony was referred to in settling this bill only "so far as necessary." This language implies that the testimony in the case was sifted, and was used only so far as the Court and counsel may have deemed the same necessary or pertinent or competent upon the issues joined. Practically the same idea is contained in the judge's certificate, wherein it is stated that the statement contains "all the evidence considered." These words likewise imply that the record embodies the evidence actually considered by the trial court, but fails to state the essential fact that all the evidence offered at the trial is certified to this Court. Upon this record we cannot review the findings of fact to ascertain whether those challenged are sustained by the evidence, and are therefore compelled to sustain the contention of the respondents' counsel upon this point.

Appellants' third point, viz: that the Court below erred in refusing to make and file certain findings of fact proposed as findings by the defendants, must likewise fall, for the reasons already advanced. It is obvious that the question attempted to be raised upon this feature of the case cannot be decided without a reference being had to the evidence, and that, as has been seen, is not before us for review or consideration. Nor do we desire to be understood as ruling that a question touching the findings can, under this statute, be raised by merely proposing certain findings, and excepting to the ruling if the court below fails to make the requested findings. Upon this mooted point we express no opinion.

The appellants contend, finally, that the conclusions of law are not justified by the facts found by the trial court. The pivotal issue in the case is whether the land involved was the homestead of the plaintiffs. Upon this point the Court expressly finds as a fact that it was originally plaintiffs' dwelling place and homestead, and further finds that while the plaintiffs had removed from, and were not living on, the land when the levy was made, and when the suit was brought, and that they were living elsewhere, nevertheless that such removal was for a temporary purpose only, and that while absent from the land the plaintiffs at all times fully intended to return to,

and reside on, the land as their homestead. These facts, which cannot be reviewed upon this record, manifestly justified the trial Court in concluding that the land is not subject to seizure and sale on final process. True, the Court did not find affirmatively that any dwelling house was upon the land which was fit for human habitation at the time of the trial, or during the period of the plaintiffs' absence from the land. Counsel contend that this omission is fatal. We cannot concede that it is, necessarily. A tract of land does not necessarily cease to be a homestead, within the meaning of the law, simply because at a particular time there is no house upon it fit to live in. The absence of a house might be explained, and, despite such absence, it might be made to appear to the satisfaction of a court that the land was a homestead, and that its owners fully intended to rebuild, and dwell upon the land as such. The judgment enjoining a sale of the land must be affirmed. The other judges concur.