(112 N. W. 971.)

---

THOMAS J. SMITH v. EDWIN T. SPAFFORD AND ARTHUR TURNER, AS SHERIFF OF GRAND FORKS COUNTY, NORTH DAKOTA.

Opinion filed June 25, 1907.

**Homestead — Residence Essential.**

1. Residence upon land is generally necessary before a homestead therein can be claimed as exempt.

**Same — Removal.**

2. A removal from the homestead, with the intention to abandon the same as a homestead, defeats the homestead exemption after creditors' rights have intervened.

**Same — Declarations of Homesteader.**

3. Declarations of the homesteader as to his intentions are competent evidence to sustain the homestead exemption, but such declarations are not conclusive.

**Same — Evidence.**

4. Evidence considered, and *held* to show an abandonment of the homestead.

Appeal from District Court, Grand Forks county; *Fisk,* J.

Action by Thomas J. Smith against Edwin T. Spafford and another. From a judgment in favor of defendants, plaintiff appeals.

Affirmed.

*Frank B. Feetham,* for appellant.

Presumption of abandonment may be overcome by retaining a part of the premises, keeping a portion of household goods and entertaining the intention to re-occupy. Repenn v. Davis, 34 N. W. 326; Painter v. Steffon, 54 N. W. 229; McDermott v. Kermain, 39 N. W. 537; Wiggins v. Chance, 54 Ill. 175; Herforth v. Zimmerman, 7 Ky. L. Rep. 696; Reilly v. Reilly, 26 N. E. 604; Torulmson v. Swimey, 76 A. D. 432; Taylor v. Hargues, 60 Am. Dec. 609; Harmbson v. Tennison, 38 S. W. 232; Eckman v. Reid, 58 N. W. 202. Intent to abandon and actual abandonment must exist. Reilly v. Reilly, supra; Edmonson v. White, 8 N. D. 72, 76 N. W. 986; Brokken v. Baumann, 10 N. D. 453, 88 N. W. 84; Clark v. Evans, 60 N. W. 862; Kuhnert v. Conrad, 6 N. D. 215, 69 N. W. 185; Rosholt v. Mehus, 3 N. D. 513, 57 N. W. 783, 23 L. R. A. 239.

*J. H. Bosard,* for respondent.

Intention to re-occupy must be continuing. Maguire v. Hanson, 74 N. W. 776; Corey v. Schuster, 62 N. W. 470; Gunn v. Wynne, 43 S. W. 29; Schwartzman v. Cabell, 49 S. W. 113; Bell v. Grathouse, 20 Tex. Civ. App. 478; Wolf v. Hawkins, 60 Ark. 262; Cotton v. Hamil, 12 N. W. 607; Curran v. Culf, 13 Ky. L. Rep. 84; Donaldson v. Lamprey, 29 Minn. 18; Jarvais v. Moe, 38 Wis. 440; Conway v. Nichols, 76 N. W. 681; Gregory v. Oates, 92 Ky. 532; Hall v. McGlothlin, 6 Ky. L. Rep. 661.

Filing declaration not conclusive. Kuhnert v. Conrad, 6 N. D. 215, 69 N. W. 185.

MORGAN, C. J. This is a suit in equity to restrain the sheriff and an attachment creditor from taking further proceedings under an attachment levy. The plaintiff is a purchaser of the attachment debtor of the 160 acres involved in the suit. The issue involved is whether Anderson, the attachment debtor, had abandoned the land as his homestead when the attachment writ was levied. It is undisputed that said Anderson occupied the land with his wife

as their homestead up to December 11, 1902. On that day, they removed from the land to Thompson, 2½ miles distant therefrom; the husband going into the livery business. He purchased a livery stable and business, and rented a house, in which he and his wife lived. They took with them most of the household furniture from the house on the homestead. This house was occupied during their absence by a hired man, who farmed the land for the husband. Some furniture was left in the house, for the reason that there was no room for it in the house which Anderson had rented in Thompson, and it was therefore left on the farm for the use of the hired man, for whom his sister kept house. They left a bedstead, three chairs, and a table, and a stove belonging to one of the neighbors. When Anderson left this farm and moved to Thompson to engage in the livery business, no declarations were made by him or his wife as to their intentions as to abandoning the homestead or of their intentions of returning. In his testimony on the trial, he says that he gave no thought at that time about abandoning the land, and also says that he expected to return to the land. Before leaving the farm on December 11th, he had rented a house to live in in Thompson for an indefinite time from month to month. He lived in this house about 10 months, and then moved into another, which he rented until April 1, 1904. Before April 1st, and about January 25, 1904, he moved back upon the farm on which he had not actually resided since December 11, 1902. During the time that he was in Thompson, he frequently drove out to the farm, which was being cultivated by his hired man. About December 15, 1903, he consulted an attorney concerning his homestead rights and his right to file a declaration of homestead. He was informed by the attorney that he could not file such a declaration unless he was an actual resident upon the land. About a month thereafter, he went upon the land with his wife and resided there until March 1st, when he moved to a rented farm near Willow Lake, in Nelson county, North Dakota. He testifies that he went back to live upon the homestead in January, 1904, for the purpose of enabling him to file a declaration of homestead. A few days thereafter, and about February 1st, he executed and filed his homestead declaration in the office of the register of deeds of Grand Forks county. On February 4, 1904, he sold the land to the plaintiff for the sum of $5,500. The land was heavily incumbered by mortgages and a

judgment, and Anderson received only about $600 out of the purchase money; the balance thereof having been used to pay the incumbrances. During Anderson's residence in Thompson, he frequently made statements that he was going to Willow Lake to engage in the stock business. He sold out the livery business in December, 1903, and then stated that he was going to Willow Lake to engage in the stock business. He had, on several different times during his absence from the homestead, entered into negotiations for the sale thereof. During all of this time he had made no declaration nor shown by any act on his part that he intended to go back to the farm to live, except the fact of the consultation with the attorney about his homestead rights. He and his wife now testify that they never intended to abandon the homestead, and that they always considered it their home. On December 12th, the defendant Spafford attached the land in question upon a personal debt, and on January 25, 1904, judgment was entered in that action. The consultation with the attorney was just about the time that the attachment proceedings were commenced. The attachment writ was levied before the declaration of homestead was filed and before he moved back upon the land. From these facts, we are to determine whether Anderson had abandoned the land as his residence and home. The trial court found that he had abandoned the land, and that the lien of the attachment became effectual. The plaintiff, Anderson's grantee, has appealed from the judgment and asks a review of all the testimony under section 7229, Rev. Codes 1905.

It is evident that the rights of the parties must be determined as they existed at the date of the attachment. What occurred subsequent to that day is competent as explaining Anderson's intentions prior to the levy of the attachment. If the evidence shows that he had abandoned the land when the attachment was levied, nothing that he did thereafter would defeat the lien of the attachment. The crucial qestion is: What were his intentions when he moved to Thompson to engage in the livery business? Nothing was said by him to indicate whether the removal was to be temporary or permanent. A person is not entitled to claim his land exempt as a homestead unless he is residing thereon. Section 3605, Rev. Codes 1899, in force when he removed from the farm, and under which these proceedings were taken, makes residence a prerequisite to the claiming of homestead rights.

"Residence," under that section, is construed not to mean actual and continuous residence on the homestead. Temporary absence and removal therefrom do not defeat the right to the homestead. Edmonson v. White, 8 N. D. 74, 76 N. W. 986. The duration or length of time of the absence is not of controlling weight. A removal with intention never to return defeats the homestead, if the rights of creditors attach, although the removal continues but a short time. An absence for years, with continuous intention of returning to it, gives creditors no right to the land. Upon a careful review of all the evidence, we are forced to the conclusion that Anderson had abandoned this land when the defendant attached it. Up to the time in December, 1903, when he consulted with the attorney, we find no fact in evidence evincing an intention to return to the land to make it the home of himself and wife. It is true Anderson and his wife both testify now that it was always their intention to return thereto and make it their home. While this is competent evidence to be considered on this question, it is not at all of conclusive force. Facts and circumstances have a more convincing effect as evidence than such declarations made after matters have arisen that make such declarations essential to save the homestead. A removal, unexplained, at the time, is presumptively a permanent one. In Jarvais v. Moe, 38 Wis. 440, it was said: "When he made the removal, the presumption was that he did so *animo manendi*. The presumption might be rebutted by circumstances and conditions surrounding the removal, or declarations accompanying it, manifesting a temporary purpose and an intention to return, but not satisfactorily by *ex post facto* professions, after intervening circumstances have made return advantageous. The intention which is sufficient to rebut the presumption must be positive and certain—not conditional or indefinite." See, also, Thompson on Homesteads and Exemptions, section 270, and Ungers v. Chapman (Mich.) 109 N. W. 1124.

Upon reviewing all of the evidence, we find no fact proven that indicates that Anderson did not remove from the place with the intention of permanently abandoning it as a residence or home, up to the incident of his consulting with an attorney in December, 1903. This was so close in time to the levying of the attachment that it is of little benefit to Anderson as showing what his intention was when he left the homestead one year before. The leaving

of some furniture at the farm shows nothing favorable to his return thereto, as the furniture was left there for use by the hired man, and for the further reason that he had no room for it in his Thompson residence. His present declaration that he never intended to abandon his homestead is not corroborated by any independent fact that happened during the year following his removal therefrom. Circumstances are numerous indicating that he had abandoned it. The land was heavily incumbered with liens; some of them drawing 12 per cent interest. His equity in the premises was comparatively small. He moved therefrom and engaged in business of a permanent character. He repeatedly tried to sell this land, and stated about the time that the attachment was levied that he intended moving to an adjoining county to engage in a permanent business, and he did ultimately move there. We think it is shown by the evidence that he stated at different times that he did not intend to move back upon the farm and gave people to understand that he was going to make his permanent home elsewhere. These admitted or proven facts are ample to overcome the unsatisfactory probative force of his present declarations as to what his intentions were when he removed from the place. The adjudications on this question are of no particular assistance. Each case must be governed by its own particular facts. If Anderson removed from the premises intending to permanently leave them, he lost his homestead exemption. We think the evidence sustains the conclusion of the trial court that he intended to abandon them permanently when he removed therefrom.

Appellant insists that Repenn v. Davis, 34 N. W. 326, 72 Iowa 548, is an authority in point, in which the court sustained the claim of homestead on facts of less weight than those in the case at bar. We do not so understand that case. The time of absence was longer than in this case, but in that case the intention to return at all times was found as a fact, and the homesteader retained a room on the place, in which part of the household furniture was left, and the entire possession of the home and lot was never surrendered to any one during his absence.

The judgment is affirmed. All concur.

Fisk, J., disqualified. Judge Templeton, of the First district, sitting by request.