MARGARET SEXTON and Patrick Sexton, Appellants, v. S. S. SUTHERLAND and Frank Windmueller, Respondents.

(174 N. W. 214.)

**Homestead — declaration of — right of action under.**

1. Section 5610, Compiled Laws of 1913, bars a right of action founded upon the homestead right where no declaration of homestead is filed and where the property is not occupied as a homestead.

**Homestead — action in defense of — when barred.**

2. It is *held*, under the facts stated in the opinion, that the action of the plaintiff is barred under § 5610, Compiled Laws of 1913.

Opinion filed July 11, 1919.

Appeal from the District Court of Stark County, *W. C. Crawford*, J. Judgment affirmed.

*Casey & Burgeson*, for appellants.

The homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife. Swingle v. Swingle, 36 N. D. 611; Yusk v. Studt, 37 N. D. 221, 163 N. W. 1066; Rasmussen v. Stone, 30 N. D. 541; Severtson v. Peoples, 28 N. D. 382; Deiter v. Fraine, 20 N. D. 484.

A mortgage upon the homestead which has not been signed and acknowledged by the wife, is utterly void and of no effect. Justice v. Souder, 19 N. D. 618; Gaar, S. & Co. v. Collin, 15 N. D. 622, 110 N. W. 81; Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245; Silander v. Gronna, 15 N. D. 552, 125 Am. St. Rep. 616, 108 N. W. 544, and cases cited; Alt v. Banholzer, 40 N. W. 830.

An attempted conveyance by deed, mortgage or otherwise of his homestead, by a married man, without his wife's signature is void, although at the time she may have abandoned him and her home, and may be leading an adulterous life. Murphy v. Renner, 109 N. W. 593; 8 L.R.A.(N.S.) 565, see case note; Keyes v. Scanlan, 23 N. W. 570; Stanton v. Hitchcock, 31 N. W. 395; Sherrid v. Southwick, 5 N. W.

1027; Alt v. Banholzer, 40 N. W. 830; Sherrid v. Southwick (Mich.) 5 N. W. 1027.

One who gets possession of a homestead under proceedings in foreclosure of a void mortgage is not entitled to notice as a tenant at will, before being sued in ejectment. Sherrid v. Southwick (Mich.) 5 N. W. 1027.

To work an estoppel the mortgage itself must be a valid instrument. The covenants can have no greater validity than the deed itself. It would nullify the statute to hold that a deed which the law declares void should by reason of the covenant of the grantor operate effectually as a conveyance. Note to 95 Am. St. Rep. 922, citing Alt v. Banholzer, 12 Am. St. Rep. 681, 40 N. W. 830; 27 Cyc. 1723.; Branham v. Mayor, and Common Council of San Jose, 24 Cal. 585; Justice v. Souder, 19 N. D. 613; Smythe v. Henry, 41 Fed. 705.

A sale under an action to foreclose a mortgage or "homestead premises" is void as against the wife of defendant when she is not made a party to such action. Watts v. Gallagher (Cal.) 31 Pac. 626; Chase v. Abbott, 20 Iowa, 154; McDonald v. Sanford, 88 Miss. 633, 117 Am. St. Rep. 758, 41 So. 369, 9 Ann. Cas. 1; Cook v. Klink, 8 Cal. 347; Kraemer v. Revalk, 8 Cal. 74; Van Reynegan v. Revalt, 8 Cal. 75; Sherrid v. Southwick, 5 N. W. 1027; Dorsey v. McFarland, 7 Cal. 342; Webb v. Winter, 65 Pac. 1028; Kellman v. Ludenecker, 28 S. W. 79.

*C. H. Starke* and *Thos. H. Pugh,* for respondents.

Where the husband has never occupied the land as a homestead, under the laws of this state, his wife could acquire no homestead rights therein. It never became their homestead by actual or constructive occupancy. Residence of some kind is a prerequisite to obtaining homestead rights in land. Brokken v. Baumann, 10 N. D. 453; Edmondson v. White, 8 N. D. 72.

There is no exception as to married women in the application of the principle of equitable estoppel, and that actual and positive fraud at the time of the act set up as constituting estoppel, is not essential to the application of the doctrine of estoppel, it being sufficient that the act relied on constitutes constructive fraud. 3 Pom. Eq. Jur. 3d ed. § 814; Enghelm v. Ekram, 18 N. D. 195; Galbraith v. Lunsford (Tenn.) 1 L.R.A. 522; Brokken v. Baamann, 10 N. D. 453;

Smith v. Spafford, 16 N. D. 208; Trousdale v. Beaton, 27 N. D. 441.

As to what constitutes actual possession, see Churchill v. Onderdonk, 59 N. Y. 134; Cutting v. Patterson (Minn.) 85 N. W. 172; Rosenfelt v. United States, 13 C. C. A. 450.

The statute places the homestead in the head of the family. Under the statute the duty is upon him to defend it. It is only in the event that the husband fails to claim the homestead that the wife may do so. Comp. Laws 1913, § 5605.

The wife cannot come in to defend except the husband fail to do so; and where the husband defends, the wife is bound by the judgment, though not a party. Heldenstein v. Carr, 3 Iowa, 287; (S. D.) 100 N. W. 755; 23 Cyc. 1245, 1253, note 70, and cases cited; Carmody v. Hanick, 85 Mo. App. 659; Wegman Piano Co. v. Irnine (Ga.) 32 S. E. 898; Willingham v. Slade (Ga.) 37 S. E. 737. See also note 10, 23 Cyc. 1363; Frazier v. Brasiere (Ky.) 36 S. W. 1038; 2 Black, Judgm. p. 556; Campbell v. Ayers, 18 Iowa, 252; Stitt v. Smith (Minn.) 13 L.R.A.(N.S.) 723; Lee v. Woods (Iowa) 25 N. W. 255.

The principle of subrogation is applied to aid those who have paid the debt of another under circumstances in which equity will imply a sufficient motive. 5 Pom. Eq. Jur. § 921; Baker v. Baker (S. D.) 49 N. W. 1064; Northwestern Mut. Sav. & L. Asso. v. White, 31 N. D. 348.

BIRDZELL, J. This is an appeal from a judgment in an action brought to determine adverse claims to a parcel of land described as lot 2, block 2, in the Hilliard & Manning's second addition to the city of Dickinson. The identical action has been once before this court upon an appeal from an order overruling a demurrer to the complaint. Sexton v. Sutherland, 37 N. D. 500, 164 N. W. 278. Other litigation involving the homestead right here in controversy, as between some of these parties and another mortgagee, has also been before this court. Mandan Mercantile Co. v. Sexton, 29 N. D. 602, 151 N. W. 780, Ann. Cas. 1917A, 67. In the latter case it was held under the facts presented that the property in question was the homestead of Patrick Sexton and Margaret Sexton, and the mortgage, not having been executed by Margaret Sexton, was decreed to be void. In the instant case the mortgage under which the respondent claims was dated about the same time as the Mandan Mercantile Company mortgage, and considerable

reliance seems to be placed upon the contention that, there being no difference in the homestead status of the property, the same result should be reached in this case. The respondent meets this contention by referring to evidence which, he contends, proves the facts to be otherwise than as established in the Mandan Mercantile Company Case. We need not, however, concern ourselves with the argument upon the question as to whether or not the property in question was the homestead of Patrick Sexton and Margaret Sexton at the time of the execution of the mortgage under which the respondent claims; for, if the position of the appellants should find the requisite support in the evidence, there are other findings, overwhelmingly supported by the evidence, which preclude the plaintiffs from obtaining the relief sought in this action.

It appears that while the litigation involving the Mandan Mercantile Company mortgage was pending, the mortgage under which Sutherland claims was foreclosed by action, Sutherland purchasing at the foreclosure sale. The foreclosure action was brought against Patrick Sutherland, Mrs. Sutherland not being made a party. The district court held the mortgage valid as against the claim of Patrick Sexton that the property was the homestead at the time of its execution. No appeal was taken from this judgment, and consequently it is a final adjudication as to Patrick Sexton. This action, then, must be regarded as involving the same homestead right; but it is asserted by Margaret Sexton. That the plaintiffs so regarded the action appears from the complaint, in which it is alleged that the property is the homestead of Margaret Sexton and her husband, and "that this action is for the purpose of freeing title to such lands and premises from all liens and encumbrances of whatever description claimed by the defendants, which liens and encumbrances have grown out of mortgages signed by her husband without being either signed or acknowledged by herself, the said Margaret Sexton." It is manifest that unless the plaintiffs' claim, that the property is their homestead, can be asserted, they have no claim as against this defendant, for the reason that the defendant has become the owner of the fee of Patrick Sexton by operation of a judgment which has become final. This brings us to the decisive question in the case.

Section 5610 of the Compiled Laws of 1913 provides as follows: ". . . no action, defense or counterclaim founded upon a right of homestead in property hereafter conveyed or encumbered, otherwise than as provided by the law in force at the time of the execution of such conveyance or encumbrance, and for which no declaration of homestead shall have been filed previous to the execution of such conveyance or encumbrance, shall be effectual or maintainable, unless such action is commenced or such defense or counterclaim interposed within two years after the execution of such conveyance or encumbrance; provided, nevertheless, that such limitation shall not apply if the homestead claimant was, at the time of the execution of such conveyance or encumbrance, in the actual possession of the property claimed and had not quit such possession previous to the commencement of such action, or the interposing of such defense or counterclaim."

The action in this case was begun by the service of a summons and complaint on September 16, 1915. The evidence shows the existence of the following facts: The mortgage through which the plaintiffs obtained their interest was dated and executed September 14, 1911. No declaration of homestead was ever filed by the plaintiffs or either of them. The plaintiffs never actually occupied the premises except from the fall of 1912 until the summer of 1913, since which time neither Patrick Sexton nor Margaret Sexton has lived on the premises. The plaintiff Margaret Sexton went to Elmira, New York, in 1913, and had not returned to North Dakota at the time of the trial of this action (September, 1917); her testimony being taken by deposition.

Patrick Sexton testified that in the summer of 1913 he advertised the premises for rent, and that they had been rented a good portion of the time since. He also testified that his wife had independent means sufficient to support her, and that it didn't seem hardly right for him to use the money that he had borrowed from other people to improve the property to the extent of making it worth $2,000, and then use the homestead right, which he could only assert through his wife, to avoid the indebtedness contracted for the purpose of making the improvements. Under the evidence it is clear that Patrick Sexton and Margaret Sexton had quit the actual possession of the property long previous to the commencement of this action. Thus the action is brought directly within the bar of the statute.

42 N. D.—33.

But appellants' counsel contend that possession through a tenant would be sufficient to prevent the Statute of Limitations above quoted from applying. The statute is not susceptible of such an interpretation. The term used in that portion of the statute which creates the exception to the two-year limitation is "actual possession." We are of the opinion that this means such a possession as will put one dealing with the occupant upon notice of his interest in the property. The homestead right is favored, and it may exist, as was held with respect to this particular property (Mandan Mercantile Co. v. Sexton, 29 N. D. 602, 151 N. W. 780), even where the claimant does not actually live on the premises, provided there is a constructive occupancy and even where no declaration has been filed. It depends largely upon intention. Where the law goes to such limits in favoring the right of homestead, it is reasonable to accord some protection to the rights of those dealing with the owner on the supposition that the property is not a homestead. This the statute does by requiring that as against such person the right shall be asserted within the prescribed period of time. Otherwise, transactions consummated in the utmost good faith and with no notice whatsoever, either actual or constructive, of the existence of a homestead right, would be subject to being avoided years after their completion, and upon the mere proof of the existence of an uncommunicated intention. When one deals with a person in *actual possession* of the property, he is bound to know the extent of his interest or right therein, but ownership alone is not sufficient to put a grantee or mortgagee upon notice that the owner regards the property as a homestead. If he actually does so regard it, however, and the element of occupancy is present, the right attaches and is protected. But, under the statute, it is the duty of the one claiming the homestead in these circumstances, as against a grantee or encumbrancer, to assert the right within two years after the execution of the conveyance or encumbrance.

It is true that there is an apparent inconsistency involved in the statement that contracts, conveyances, and encumbrances not executed in the manner provided by statute are utterly void and of no effect (Gaar, S. & Co. v. Collin, 15 N. D. 622, 110 N. W. 81; Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245; Silander v. Gronna, 15 N. D. 552, 125 Am. St. Rep. 616, 108 N. W. 544), and a requirement that, as against such instruments, the homestead right shall be asserted within a prescribed

time; but the inconsistency inheres in the statute itself, for it is manifest that the statute was intended to apply in favor of those claiming through such instruments. The statute bars an action, defense, or counterclaim founded upon a right of homestead thereafter conveyed or encumbered *otherwise than as provided by the law in force at the time of the execution of such conveyance or encumbrance.*

This court held in the case of Justice v. Souder, 19 N. D. 613–619, 125 N. W. 1029, in construing identical language in a similar statute, that it was intended to apply so as to limit the time in which a mortgagor might question his conveyance or encumbrance of the homestead; and we can see no distinction between its application as against the mortgagor and against the spouse of the mortgagor, who had full knowledge of the mortgage and who, with such knowledge, voluntarily joined with her husband in quitting the possession of the property and thereafter neglected to assert her claim for the statutory period.

While the homestead law should be and is liberally construed to effectuate its beneficent objects, the principles of liberal construction cannot be so far extended as to deny effect to the plain language employed by the legislature in limiting the assertion of the homestead right in cases where the property is not, in fact, occupied as the homestead.

For the foregoing reasons our conclusion is that the action in question was barred by § 5610, Compiled Laws of 1913. Judgment affirmed.

GRACE, J. (dissenting). Section 208 of the Constitution of the state of North Dakota provides: "The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws, exempting from forced sale to all heads of families a homestead, the value of which shall be limited and defined by law."

In compliance with and pursuance of this constitutional mandate the legislature of North Dakota enacted § 5608 of the Compiled Laws of 1913 of North Dakota, which reads thus: "The homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife."

This court has held in an unbroken line of decisions that a mortgage or conveyance of the homesteads executed and acknowledged by the husband only is void. Silander v. Gronna, 15 N. D. 552, 125 Am. St.

Rep. 616, 108 N. W. 544. In that case this court in the syllabus said: "A contract by a husband for the sale of the homestead of himself and wife is *void,* and an action against him for damages for its breach cannot be maintained." To the same effect is Gaar, S. & Co. v. Collin, 15 N. D. 622, 110 N. W. 81. In the syllabus of that case is the following language: "Section 5052, Rev. Codes 1905 [same as 5608, Comp. Laws 1913], which requires the signature of both husband and wife to all conveyances and encumbrances of the homestead, is a proper means for protecting and perpetuating the homestead, and is not open to the objection that, by legislative action alone, it impairs or defeats the husband's right of individual conveyance."

That language would seem to fairly and clearly state the meaning of the section under consideration to be much the same as § 208 of the Constitution. The language of the section is in harmony with the intent and purpose of that section of the Constitution. A long line of decisions of this court, possibly between fifteen and twenty, are largely to the same effect. See Dieter v. Fraine, 20 N. D. 484, 128 N. W. 684; Bremseth v. Olson, 16 N. D. 242, 13 L.R.A.(N.S.) 170, 112 N. W. 1056, 14 Ann. Cas. 1155; Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245; Severtson v. Peoples, 28 N. D. 382, 148 N. W. 1054; Rasmussen v. Stone, 30 N. D. 451, 152 N. W. 809; Swingle v. Swingle, 36 N. D. 619 and many others.

If § 5610, Comp. Laws 1913, means what the majority opinion maintains, it is clearly opposed to and in conflict with § 208 of our Constitution, and is invalid and unconstitutional. Homestead laws should be liberally construed to effect their evident purpose, *viz.,* the protection of the home and family. Section 5610 is a law designed to benefit creditors, and as opposed to the Homestead Exemption Law should be strictly construed, and as thus construed, if it is found to be opposed to the plain meaning and intent of § 208 of our Constitution and if it operates to destroy the beneficent intent and purpose of the homestead, it should be declared invalid and unconstitutional.

Under the majority opinion, a mortgage upon a homestead given by the husband only while the husband and wife are in possession thereof is valid, and may be enforced as soon as possession is not maintained by those claiming the homestead. Such a construction nullifies § 5608,

Comp. Laws 1913, and is contrary to the plain terms, meaning, and intent of § 208 of our Constitution.

The greatness, welfare, safety, and healthful existence of the state or nation depend largely on salutary laws which protect the home, the source from which is obtained largely their future citizens. The greatness and prosperity of a state or nation is largely measured by the contentment, happiness, and security to be found in those homes. A law which throws protection about such home, and secures it to those who are raising the future citizens of the state, should have a very liberal construction to effect its purposes, and should, where there is possibly some conflict between it and another law designed to satisfy rapacious creditors, be preferred where it is the evident purpose of that other law to curtail the benefits of laws enacted to protect the homestead exemption as defined by law and as protected by the Constitution.