SYLVIA L. NELSON, Respondent, v. GRIGGS COUNTY, a Public Corporation of North Dakota, Defendant and Respondent,
and
LYDIA WENDT, Appellant.

(219 N. W. 225.)

**Homestead — quieting title — grantee of homestead may maintain action to quiet title against judgment creditor.**

Where the land obtained by the grantee in a deed is, and from prior to the filing of a judgment against the grantor has been, the homestead of the grantor, so that the land has never been devested of this homestead character, such grantee takes the land free from any lien of such judgment, and may maintain an action to quiet title to the land as against such judgment creditor.

Opinion filed April 21, 1928.

Homesteads, 29 C. J. § 325 p. 920 n. 44.   Quieting Title, 32 Cyc. p. 1334 n. 9; p. 1372 n. 26.

Appeal from the District Court of Griggs County, North Dakota, *Englert,* J.

Affirmed.

*A. C. Lacy,* for appellant.

"Removal from homestead and acquisition of a new home is a forfeiture of the old homestead right."   Wright v. Dunning, 92 Am. Dec. 257.

"The removal from a homestead for any length of time, however short, with a settled purpose to quit its occupancy and take up a domicil elsewhere, constitutes an 'abandonment.'"   Anderson v. Blakesly (Iowa) 136 N. W. 210.

"If the owner of a homestead removes therefrom with the intention and expectation of selling it and making his home in another place, this must be deemed an abandonment of the homestead, although he intends to return to it if he fails to sell it."   Conway v. Nichols (Iowa) 68 Am. St. Rep. 311, 76 N. W. 681.

"Burden is on homestead claimants to show removal as only temporary."   Shafer v. Miller (Iowa) 192 N. W. 868.

"Long absence, while not conclusive proof of intent to abandon, is a circumstance which may indicate such an intent in absence of a proper showing of an intent to return."   Yellowhair v. Pratt (S. D.) 182 N. W. 702.

"Since no one can own two homesteads at the same time, if the debtor acquires a new homestead he would be losing his right in the former place of residence.   This is so even if he leaves a part of his furniture in the prior residence or files a notice that he claims the premises as exempt."   29 C. J. 944; Swindle v. Swindle, 36 N. D. 611, 36 L.R.A.(N.S.) 1024; Somers v. Somers, 27 N. D. 500, 131 N. W. 1091.

*Sad & Duffy,* for respondent.   *O. J. Thompson,* for respondent Griggs County.

The trial court in an equitable action possesses a superior oppor-

tunity, with the parties before it, to weigh and pass upon the evidence adduced. Drivdahl v. I. H. C. 43 N. D. 284, 174 N. W. 817; Merchants Nat. Bank v. Collard, 33 N. D. 556, 157 N. W. 488; Security State Bank v. Wernick, 51 N. D. 224, 199 N. W. 948.

"There can be one residence and it cannot be lost until another is gained, and it can be changed only by the union of act and intent." Burke County v. Oakland, ante, 343, 217 N. W. 643.

Homestead and exemption laws should be liberally construed. Proof of an abandonment of a homestead must be clear and convincing. Absence therefrom, or from the community or state, of itself is not sufficient to defeat the beneficent purpose of both our organic law and legislative enactments. Carter v. Pickett, 39 Okla. 144, 134 Pac. 440.

"When homestead rights are acquired they are presumed to continue until it is shown by clear and convincing evidence that they have been abandoned." Gordon v. Emerson-Brantingham Implement Co. (Minn.) 210 N. W. 87.

"Where a homestead has been established and occupied as a homestead, by man and wife, the wife dies, and it is necessary to take the husband to the home of his son-in-law on account of his physical and mental infirmities, extreme age, and childishness, and for more than a year is cared for in the homes of his sons-in-law, such absence is not voluntary, and is not an abandonment of the homestead estate." Miedinger v. Security State Bank, 55 N. D. 301, 213 N. W. 850.

"Any duration of absence from a homestead is not in itself a conclusive fact of abandonment. Intention to abandon land as a homestead is a fact which may be disproved by the testimony of the party claiming the homestead." Warner v. Hopkins (S. D.) 176 N. W. 746.

"An owner of a homestead living apart therefrom does not forfeit his homestead rights therein by resorting to every known means to sell such homestead." Yellowhair v. Pratt (S. D.) 182 N. W. 702.

"Where a judgment debtor has removed from an alleged homestead, the burden of showing no abandonment may be discharged by showing continued and fixed purpose to return, which may be established by his own testimony of intent." Illinois Oldsmobile Co. v. Miller (Iowa) 202 N. W. 751.

BURR, J. In this case the defendant Lydia Wendt is the only appellant. Some forty years ago one Andrew Nelson came from Minnesota and took a homestead in Griggs county on the land involved herein. He lived on said land with his wife, occupying it as their home, until October, 1918 at least. They had one son, who had lived with them during his young manhood, helping in the management of the farm. By this time Andrew Nelson was past seventy, with his wife a few years younger. They were getting feeble and the wife and mother was losing her eyesight. The farm was in close proximity to Walum, the farm buildings being about one and a half miles distant. Andrew Nelson leased the land to his son for a cash rental and moved to Walum where a small house was purchased with money belonging to his wife and some that he furnished, the deed being taken in the name of the wife. It is the claim of Andrew Nelson that he had no intention of abandoning the farm as his homestead, but moved to the hamlet in order to get rest and treatment for his wife. He retained a room in the house on the farm and some furniture and frequently returned to the farm to observe things, occupying the room while there but not remaining overnight. Some trees and shrubs were planted around the house in Walum, some furniture taken there and new furniture purchased. While Andrew Nelson and wife lived in Walum the son married the plaintiff, and the plaintiff and her husband resided on this farm. On February 4, 1922 the appellant secured a judgment against Andrew Nelson, and a transcript of the judgment was filed in the office of the clerk of the district court of Griggs county on February 17, 1922. No levy was ever made upon this land. In November, 1926, Andrew Nelson and his wife returned to the old homestead, residing there ever since, and on December 27, 1926 they deeded this farm land to the plaintiff and the deed was put on record. The land consists of one quarter section, minus 1.44 acres which had been conveyed to Griggs county. The value of the farm land with buildings does not exceed $5,000 and is subject to a mortgage for about $1,500, which mortgage had been foreclosed at the time of trial and a sheriff's certificate of sale issued. After placing her deed on record the plaintiff commenced this action to quiet title to the land as against the judgment obtained by appellant and other judgments which are not involved in this appeal. The deed to her contained the statement that the

premises at that time were the homestead of the grantors. The trial court found that this farm land was and always had been the homestead of Andrew Nelson during the time the title was in him, and therefore quieted title in the plaintiff. From the judgment and decree rendered in favor of the plaintiff the defendant Lydia Wendt appeals and demands a trial de novo.

Much argument is devoted to the claim of appellant that her judgment should have priority over judgments of other creditors who were parties, but have not appealed. The trial court found that these other judgment creditors had no lien on this land, consequently we need not concern ourselves with the question of priority. The question is, Does the appellant have a lien on this land?

The undisputed facts show that up to the year 1918, at least, the land involved was the homestead of Andrew Nelson. It is the claim of the appellant that Andrew Nelson abandoned this land as a homestead, took up his home in Walum, that his home was in Walum at the time her judgment was entered in the district court of Griggs county, and therefore her judgment became a lien upon the farm and the land could not be devested of the lien by a subsequent return to the farm. In other words appellant says that at the time her judgment was docketed this land was not the homestead of Andrew Nelson.

Physical absence from the land does not in itself constitute abandonment. It may be evidence thereof, a fact to be taken into consideration in determining abandonment. While it is true that residence upon the farm is a prerequisite to the claiming of homestead rights (Brokken v. Baumann, 10 N. D. 453, 88 N. W. 84) yet residence "is construed not to mean actual and continuous residence on the homestead. Temporary absence and removal therefrom do not defeat the right of the homestead." Smith v. Spafford, 16 N. D. 208, 212, 112 N. W. 965. This principle is founded upon the earlier case of Edmonson v. White, 8 N. D. 72, 74, 76 N. W. 986. The intention with which one removes from his residence is the determining factor in deciding whether his absence amounts to an abandonment of the residence as a homestead, and the duration of such absence is merely evidentiary. True, the right of homestead exemption may be lost by voluntary abandonment but to effect a forfeiture "it must be made to appear that such abandon-

ment was voluntary and without an intention to return and re-occupy the premises as a home." Grotberg v. First Nat. Bank, 54 N. D. 548, 210 N. W. 21. Where land has been occupied as a homestead so that the homestead of the husband and wife has been established thereon absence therefrom for the purpose of medical treatment and ease and comfort connected therewith is not an abandonment of the homestead. Meidinger v. Security State Bank, 55 N. D. 301, 213 N. W. 850. If the alleged purpose of facilitating medical treatment be in fact the honest purpose, chimeric belief regarding this does not alter the intent.

In the case at bar Andrew Nelson testified that it was never his intention to abandon this farm as his homestead, that he had left merely for the purpose of making it more convenient for his wife to get rest and medical attention, that both were old and too feeble to manage the farm and therefore they rented it to their son and moved into this smaller place for comfort; that there were no doctors in Walum and therefore she had readier access to the railway station to go to Hannaford and other towns to consult physicians; that he always considered the farm as his homestead and intended to keep it as such. It is true he leased the land to his son but "the mere fact that the homestead is leased for a limited time is not conclusive upon the question of the intent with which the removal took place; it may be shown that the departure was temporary, as for the purpose of obtaining medical treatment for the wife . . . that there was always present an intention to return and occupy the property as a home." Grotberg v. First Nat. Bank, supra. On behalf of the appellant two witnesses testified to a conversation had with Andrew Nelson in which they claimed he told them he intended to remain in the house in Walum as long as he lived. This is denied by Andrew Nelson. The trial court found that Andrew Nelson had never abandoned this farm as his homestead and always had a present intention to return to it.

Citations of cases are of little value in determining the issue involved here. The issue is so much a matter of fact that it becomes necessary to determine each case largely by itself. In the case of Healy v. Bismarck Bank, 30 N. D. 628, 153 N. W. 392, it was held that the homestead character remained even though the premises were leased from month to month, when the claimant retained a room in the

house, occupied said room from time to time, had furniture therein, and considered it her home at all times, and intended to return to it; though in the subsequent case of O'Hare v. Bismarck Bank, 45 N. D. 641, 178 N. W. 1017, the court held that the later acts of that claimant showed abandonment thereafter. In other words a physical removal may be had consistent with an honest intent to maintain the premises as a homestead, and thereafter this honest intent to maintain the land as a homestead may be changed so that the home is established somewhere else. In the case at bar it appears that this land was filed upon as a homestead by Andrew Nelson; here he lived for forty years during the active period of his life; here his boy was reared to manhood, and so far as the record shows it was his only farm, the only land he had during all of these years. From the record we gather that it was his intent his boy should have this land when he was through with it. He said his boy was good to him, they worked together, the father and mother were getting old, the burden of the farm was too heavy, the father wanted to give his wife rest and opportunity for medical treatment, and he leased the land to his son, who afterwards married. From time to time—two or three times a week—he drove out to the farm. He had taken with him to Walum a horse and buggy, a cow, some furniture, some tools, etc., leaving the rest of his stuff on the farm. It is claimed he moved back to the farm to defeat the judgment. The deeding of the land to his daughter-in-law shortly after he returned to the farm might indicate such purpose. Nevertheless it would be immaterial what he thought about the judgments if it be a fact that the land was never devested of its homestead character. Dalrymple v. Security Improv. Co. 11 N. D. 65, 88 N. W. 1033.

It is argued by appellant that a "declaration of homestead was never made by Andrew Nelson or wife as required by § 5621 of the 1913 Compiled Laws of North Dakota notwithstanding that he was away from the farm for six or seven years" and the case of Foogman v. Patterson, 9 N. D. 254, 83 N. W. 15, is cited in support of the argument. Of course this case cited does not in any way affect the issue here. That was a case where the debtor owned a section of land in one parcel and had not indicated which portion of the section he claimed as a homestead, either by filing a declaration or claim of exemption. A

declaration of homestead is evidentiary merely. See Rosholt v. Mehus, 3 N. D. 513, 516, 23 L.R.A. 239, 57 N. W. 783. As shown in the case of Sexton v. Sutherland, 42 N. D. 509, 174 N. W. 214, the filing of a declaration of homestead would be evidence of the homestead character, but this last case cited does not benefit the appellant, for therein the parties claiming the homestead right which they said was in existence at the time of the incumbrance had, in the meantime, before the commencement of the action, quit the possession and the land had ceased to have the homestead character, and no declaration of homestead had been filed. In the case at bar it is the claim of plaintiff that this land always had the homestead character right up to the time it was conveyed to her, that her grantors had not quit possession of the land as a homestead, that their absence therefrom was merely temporary and consistent with the maintenance of the homestead upon the land. The exempt character runs with the land, and if it be shown that the land continued to be the homestead then the deed to plaintiff conveyed the land free and clear of the lien of a judgment which was unenforceable against the premises because of their homestead character. Birks v. Globe International Protective Bureau, ante, 613, 218 N. W. 864. It is significant that little, if any, attempt is made to show that Jennie Nelson the wife of Andrew Nelson, had in mind a change of home and we must keep in mind that she was living and her actions must be considered. Schaf v. Corey, 50 N. D. 432, 436, 196 N. W. 502.

This case is not without difficulty, but the trial court found it was the honest intention of Andrew Nelson to keep and consider this farm as his homestead. He took his wife, some of his furniture, and his horse and buggy back to the farm home, to end his days there, as the faithful old horse had done. We do not feel justified in disagreeing with the trial court. "When homestead rights are once acquired they are presumed to continue until it is shown by clear and convincing evidence that they have been abandoned." (Gordon v. Emerson-Brantingham Implement Co. 168 Minn. 336, 210 N. W. 87), and "all . . . presumptions . . . will be indulged where the facts appear consistent with a good-faith claim of homestead right." Mandan Mercantile Co. v. Sexton, 29 N. D. 602, 151 N. W. 780, Ann. Cas.

1917A, 67. The trial court was in much better position to judge the honesty and candor of the old homesteader than we are, and so the judgment is affirmed.

NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur.