SMITH, Respondent, v. MIDLAND NATL. LIFE INS. CO.,
Appellant.

(234 N. W. 20.)

(File No. 6962.   Opinion filed December 30, 1930.)

*Hanten, Hanten & Henrikson,* of Watertown, for Appellants.
*Baldwin & Feldhaus,* of Howard, for Respondent.

BURCH, J. Plaintiff, claiming to be the owner of a tract of real property, in the town of Howard, under a deed from J. B. Adkins and wife, brings this action to enjoin a sale thereof upon an execution issued on a judgment in favor of defendant against J. B. Adkins. Judgment for plaintiff, and defendant appeals.

At the time appellant procured this judgment against Adkins, the property in question was the homestead of Adkins and his family. It was then not subject to levy and sale on execution, nor was appellant's judgment a lien thereon. The homestead was never thereafter subject to levy and sale on execution nor to the lien of the judgment, unless the homestead was abandoned prior to its transfer to respondent. The original homestead character of the property is not questioned, and that the homestead is not subject to the lien of a general judgment or to forced sale on execution is too well established to require the citation of authority. Another well-established principle is that a conveyance of exempt property does not constitute a fraud on creditors. Creditors having no rights in such property are not affected by its transfer with or without consideration and with or without a fraudulent intent.

The ultimate question in this case is, Was this property at the time it was transferred to respondents exempt as the homestead of the grantors? Appellant claims it was abandoned as a homestead prior to the transfer, that its judgment thereupon attached as a lien from the date of abandonment, and that it is therefore now subject to execution to satisfy such judgment.

We scritinize the evidence upon the question of abandonment. The burden of proof of abandonment is on appellant, and the intent to abandon must be established. Yellow-Hair v. Pratt, 41 S. D. 190, 169 N. W. 515. Appellant takes the position that, when Adkins, a banker engaged in active banking business, lost his occupation by the closing of his banks, which became insolvent, and passed into the hands of the superintendent of banks for liquidation, he abandoned his homestead by going to work for his father on a farm where he made his abode. The family left the home, and stayed with relatives, sometimes with Adkins' father and sometimes with his wife's father, but did not remain in the home. To prove Adkins' intent to abandon his home, it was shown that, when the bank closed, Adkins was heavily indebted for stockholders' liability and directors' liability for excess loans; that being so indebted he planned to transfer the homestead in satisfaction of those liabilities, and when he and his family left the home they had no intention of returning, because they had a present intent to sell it and move to Nebraska. There is no direct proof that Adkins intended to abondon the home when he left. That intent appears, if at all, from his actions. It may be inferred that, if he intended to sell it when he left, he must have intended not to return. But we do not think that is the necessary inference. One owning a home might conceivably plan to convey such property in satisfaction of a debt that he was unwilling or unable to leave unsatisfied in order to be free to seek another occupation and a new home, intending all the time to retain the old home and seek employment convenient to the old home, if unable to satisfy such debt. While in such frame of mind, temporary absence for purposes of employment would not be an abandonment. There would be no fixed intent not to return. The intent would be to return, unless some uncertain event (desired and hoped for perhaps) should transpire to change his plans. In other words, one can hardly be held to have voluntarily abandoned a right which he is making every effort

to retain and use in a certain lawful manner. An attempt to sell the property is not in and of itself any evidence of an abondonment. In Yellow-Hair v. Pratt, 44 S. D. 136, 182 N. W. 702, a decision in a later appeal of the same case first cited, this court held that an owner does not forfeit his homestead by resorting to every known means to sell it.

■■ Appellant devotes some space in his brief to a discussion of the sufficiency of the transfer of the homestead because the deed tends to show that the wife did not sign at the time her husband signed, and there is doubt as to the regularity of her acknowledgment. It is also argued that the agreement to sell, to be valid, must have been signed by the wife. We think a sufficient answer to this is that the wife is making no complaint, but confirms the deal in her testimony by deposition. When she signed it, or whether she signed it at all, is unimportant, for she has ratified it and made it valid, whether it was originally valid or not. And we think her ratification renders it valid from the date of the instrument under the circumstances disclosed.

■■ Other assignments of error concerning the admission of evidence have been examined, but we find no prejudicial error. The cause was tried to the court without a jury, and it will be presumed the court considered only competent and material evidence. It is not material whether the deed was or was not purposely withheld from the record for a time, or whether it was recorded at all. Appellant's judgment was obtained when the property was confessedly exempt, and its rights are not dependent upon record notice, but upon the fact of actual abandonment before transfer.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

BROWN, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.