William L. FALCONER and Doris Falconer, husband and wife, Peter Riedinger and Dorothy Riedinger, husband and wife, and Michael J. Riedinger, Plaintiffs and Appellees,

v.

FARMERS UNION OIL COMPANY, Defendant and Appellant,

Credit Bureau of Bismarck, Inc., United Accounts, Inc., Builders and Remodelers, Inc., and all other persons unknown, claiming any estate or interest in or lien or encumbrance upon the property described in the complaint, Defendants.

Civ. No. 9372.

Supreme Court of North Dakota.

Nov. 10, 1977.

Lundberg, Conmy, Nodland, Rosenberg, Lucas & Schulz, Bismarck, for defendant and appellant; argued by Charles W. LaGrave, Bismarck.

Richard P. Rausch, Bismarck, for plaintiffs and appellees.

PEDERSON, Justice.

This is an appeal from the order of the district court, Fourth Judicial District, quieting title to a rural Burleigh County five-acre tract of land in Michael J. Riedinger. We must determine if the act of platting the tract constituted an abandonment of homestead rights in that portion of the homestead of Riedinger's predecessor in interest, William L. Falconer. We determine that it does not. Affirmed.

Falconer has resided on a 160-acre tract of land south of Bismarck for approximately 30 years, first as a joint tenant and, since 1955, as sole owner. In 1971 a five-acre portion of that tract was conveyed to Peter and Dorothy Riedinger, as husband and wife. On January 29, 1973, Farmers Union Oil Company of Bismarck obtained a judgment against Falconer in the amount of $4,475.06. On June 14, 1973, a plat was recorded describing two five-acre tracts formerly contained within the 160 acres. One of these tracts was that sold in 1971. The other five-acre tract was sold to Michael J. Riedinger in July of 1973, the contract being entered into on July 21 and the deed delivered on July 25.

The determination of this case turns upon the effect of the platting of the five acres sold to Michael. The Oil Company contends that the act of platting, as a matter of law, constituted an abandonment of Falconer's rights to a homestead exemption in the five acres. If this portion of the homestead was abandoned (as a homestead), the judgment lien would have attached and the property would be subject to the enforcement of the lien.

Though the Legislature has acted to correct the great potential disparity between the value of exempted rural and urban property, the order appealed from is based upon the law as it existed prior to the July 1, 1977, change. The effect of § 47–18–01, NDCC, as amended, on the ability of the Oil Company to enforce its judgment is not before this Court.

This Court has, on numerous occasions, discussed the effect of the homestead exemption. We have said that homestead laws are remedial and should be liberally construed [*Dieter v. Fraine*, 20 N.D. 484, 128 N.W. 684 (1910)], and that, when homestead rights are acquired, they are presumed to continue until it is shown by clear and convincing evidence that they have been abandoned [*Nelson v. Griggs County*, 56 N.D. 729, 219 N.W. 225 (1928)]. We have said that a homestead right is not waived by failure to make a selection thereof. *Conlon v. City of Dickinson*, 72 N.D. 190, 5 N.W.2d 411 (1942). If the premises are occupied by the judgment debtor as a homestead at the time the judgment is docketed, the judgment does not become a lien on the property at that time [*Small v. Cunningham*, 120 N.W.2d 13 (N.D.1963)], though the judgment may attach upon a removal from the homestead with the intent to abandon the premises as a homestead [*Smith v. Spafford*, 16 N.D. 208, 112 N.W. 965 (1907)]. Where the land obtained by the grantee is, and from prior to the filing of a judgment against the grantee has been, the home-

stead of the grantor, the grantee takes the land free from any lien of such judgment. *Nelson v. Griggs County, supra.*

■ We have, however, never before been called upon to determine the precise effect of a platting of a portion of property which is otherwise exempt as the homestead of a family head. The Oil Company also suggests that this Court has never before determined if a portion of a homestead can be abandoned while the remainder continues to have the protection of the exemption. The Oil Company argues that a portion can be abandoned, and that position is not contested by the appellees. We agree. The 160 acres authorized by the former language of § 47–18–01, NDCC, is a maximum figure. Clearly, a homestead can consist of a smaller area. We would defy logic and good sense were we to determine that the beneficiaries of the exemption have no power to reduce the exemption when they have the statutory power to encumber the property by mortgage not subject to the exemption. Section 47–18–04(2), NDCC.

■ The Oil Company argues that the question of abandonment is one of law. With this we cannot agree. In *Nelson v. Griggs County, supra,* the Court stated:

"The issue [abandonment] is so much a matter of fact that it becomes necessary to determine each case largely by itself." 219 N.W. at 226.

Cases from other jurisdictions either state that abandonment of a homestead is a question of fact [see, i. e.: *Hildebrand v. Harrison*, 361 P.2d 498 (Okl.1961); *City of Jacksonville v. Bailey*, 159 Fla. 11, 30 So.2d 529 (1947)], or treat it as a question of fact [see, i. e.: *McIntosh v. Borchers*, 196 Neb. 109, 241 N.W.2d 534 (1976); *Monroe v. Monroe*, 250 Ark. 434, 465 S.W.2d 347 (1971)]. Though the trial court's findings of fact make no reference to abandonment, in conclusion of law [1] number 3 the court states

1. The trial court does not list "conclusions of law" but merely deducements made from the findings of fact. The document in question being entitled "Findings of Fact, Conclusions of Law, and Order for Judgment," and the findings being properly identified, we conclude that

the deducements of the trial court are the conclusions of law required by Rule 52(a), NDRCivP. We are not bound by the labels affixed by the trial court. See *Ferguson v. Ferguson*, 202 N.W.2d 760 (N.D.1972).

that Michael J. Riedinger possesses the five acres which are the subject of this appeal "free and clear of the liens and claims of the defendants and each thereof." The trial court could not have reached such a conclusion consistent with a finding of abandonment.

The Oil Company finally argues that the platting of the land was pursuant to a plan for sale, and that an intention to abandon the property as a homestead is thus established. We will treat this assertion as a claim that the trial court committed clear error in finding no abandonment. We cannot so conclude unless we are left with a definite and firm conviction that a mistake has been made. *In re Estate of Elmer,* 210 N.W.2d 815 (N.D.1973).

The Oil Company relies primarily upon a Nebraska case, *Phifer v. Miller,* 153 Neb. 748, 45 N.W.2d 907 (1951), where a seller of land attempted to claim a homestead interest in property which he had platted pursuant to a plan to sell residential sites. The seller had given an option to buy one such site, and the purchaser had begun building a house thereon. The seller refused to convey pursuant to the option and interposed a claim that the property was part of his homestead when the option purchaser later sought specific performance. In finding that the tract had been abandoned as a homestead by the seller, the Nebraska court said: "When [the seller] platted the acreage, sold all but two of the lots, gave immediate possession to the plaintiff, permitted him to commence construction of a house, stood by while he expended a large sum of money shown by the evidence to be in excess of $1,400 for materials alone, and redefined by plat and by a staking out on the ground of the new boundaries of the lands they considered appurtenant to their residence, they evidenced a conclusive intent to abandon the lots sold as a part of the homestead." *Phifer v. Miller, supra,* at 909. *Phifer* is distinguishable from the instant case, particularly in the identity of the parties and the nature of the action.

Though the Nebraska court found an intent to abandon in the fact, *among others,* that the seller had platted his property, the other factors, considered alone, are easily sufficient to form a basis for the court's decision. This is emphasized by the Nebraska court's reliance, at page 910, on *Griffin v. Ayres,* 231 Ala. 493, 165 So. 593, 595 (1936), where the abandonment of a portion of a homestead was found when that portion was converted into rental housing and where no plat was involved.

The Oil Company emphasizes that the platting was done pursuant to a plan to sell. It concludes that the forming of a plan to sell part of a homestead and the efforts to effect such a sale constitute an abandonment of that part of the homestead. That is not the law in this State. If the grantee is to take title free from a lien of judgment against his grantor (*Nelson v. Griggs County, supra*), an abandonment cannot automatically be found to take place in the period of time which must exist between the point at which the grantor decides to sell and the point at which the sale is made. An attempt to sell property is not in itself evidence of abandonment of the homestead. *Smith v. Midland Nat. Life Ins. Co.,* 57 S.D. 497, 234 N.W. 20 (1930). In *Sullivan v. Barnett,* 471 S.W.2d 39, 43 (Tex. 1971), when asked to find an abandonment in an attempted sale, the Texas Supreme Court said:

"An intention or attempt to sell a homestead does not amount to an abandonment as long as the homestead claimants retain possession and have no intent to abandon unless the sale materializes. [Cites omitted.]"

See also, *Bellport v. Harder,* 196 Kan. 294, 411 P.2d 725, 731 (1966), where the Kansas Supreme Court said:

". . . the property did not lose its homestead character a few minutes before the deed was executed by the [sellers] to their daughter, as contended by the appellant, on the ground that they had formed an intention to abandon their home."

The findings having not been shown to be clearly erroneous (Rule 52(a), NDRCivP), the decision of the trial court is affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.