[No. A025332. First Dist., Div. One. May 14, 1986.]

In re the Marriage of MARGARET INDA and ALEXANDER SMYKLO.
MARGARET INDA SMYKLO, Respondent, v.
ALEXANDER SMYKLO, Appellant.

## COUNSEL

Stephen M. Pulido and Browner & Pulido for Appellant.

S. Simone Campbell for Respondent.

## OPINION

**ELKINGTON, J.**—Appellant Alexander Smyklo (Husband) appeals from that portion of the final order filed on August 24, 1983, in which the superior court determined that he and respondent Margaret Smyklo (Wife) had "contracted a valid common law marriage under Alabama law in 1957 and that said common law marriage is entitled to be recognized in the State of California as a valid marriage under Civil Code section 4104."[1] For the reasons stated below, this court affirms the judgment.

We consider appellant's contentions in the order presented to us.

I. ■ *Contention:* "The evidence presented at the time of trial failed to show that the parties had an actual and mutual agreement to enter into a matrimonial relationship, and thus the court's finding of said agreement is in error."

II. *Contention:* "The trial court's finding of a common law marriage entered into between the parties based on credibility is in error."

Husband's assertions trigger the substantial evidence rule by which this court is bound.

---

[1] "All marriages contracted without this state, which would be valid by the laws of the jurisdiction in which the same were contracted, are valid in this state." (Civ. Code, § 4104.)

"Evidence, to be 'substantial' must be of 'ponderable legal significance . . . reasonable in nature, credible, and of solid value.'" (*People* v. *Johnson* (1980) 26 Cal.3d 557, 576 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255] quoting *Estate of Teed* (1952) 112 Cal.App.2d 638, 644 [247 P.2d 54].) And: "'[W]here the findings are attacked for insufficiency of the evidence, our power begins and ends with a determination as to whether there is *any* substantial evidence to support them; . . . we have no power to judge of the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom.'" (*Leff* v. *Gunter* (1983) 33 Cal.3d 508, 518 [189 Cal.Rptr. 377, 658 P.2d 740].)

We accordingly state the facts as they reasonably could have been, and presumably were, found to be true by the trial court.

The parties were married on January 8, 1941, but subsequently separated in 1953. Husband, a career serviceman, took custody of the two young children and moved to Huntsville, Alabama where he was stationed. Husband filed a complaint to dissolve the marriage and effected service on Wife by publication pursuant to existing Alabama law. The final decree granting the divorce was issued on December 3, 1953. Wife, then living with relatives in Washington, D.C., never received actual notice of the action.

In 1957 Husband requested Wife to move to Alabama to live with him and the children. Husband apparently thought that he was to be transferred overseas and wanted Wife to take care of the children while he was abroad. Instead of going overseas, however, Husband retired from the service several months after Wife had moved into his house. Both parties agreed that Wife would continue to live with Husband and the children.

Wife's role in the household was that of wife and mother. She and Husband shared one of the house's two bedrooms, she referred to herself and was known to others as Mrs. Margaret or Mrs. Alexander Smyklo, she and Husband occasionally dined at friends' houses and entertained friends at their own home. Husband gave her an allowance and they filed joint income tax returns in 1958 and/or 1959. Wife did not learn of the 1953 divorce until the 1960's.

Husband accepted a job offer in California and he, Wife, and the children moved to this state in 1960. The parties continued to reside together until 1976, when Husband alone moved to Hawaii and subsequently remarried. Husband, however, continued to send Wife monthly support checks until 1981. On September 15, 1981, Wife filed the instant petition to determine the validity of her marriage pursuant to Civil Code section 4212.

Under Alabama law, a valid common law marriage is formed when the parties enter into "a present agreement, that is, a mutual understanding to enter at that time into the marriage relationship, . . . followed by public recognition of the existence of the 'marriage' and cohabitation or mutual assumption openly of marital duties and obligations." (*Skipworth* v. *Skipworth* (Ala. 1978) 360 So.2d 975, 976-977.) The test for determining whether the parties formed a present agreement to enter into a marital relationship is one of intent. Such intent can be inferred from the circumstances and facts of each case. "[P]roof of *actual words* of agreement or consent has never been required by" the courts of Alabama. (Italics in original; *Etheridge* v. *Yeager* (Ala. 1985) 465 So.2d 378, 379-380, and cases cited therein.) Once the intent to enter a marriage is established, the relationship *can be terminated only by death or divorce.* (*Skipworth* v. *Skipworth, supra,* at p. 977.)

In determining that the parties had entered a valid common law marriage under Alabama law, the trial judge stated: "The court is satisfied from the evidence presented that the parties contracted a valid common law marriage under Alabama law in 1957, and that common law marriage is entitled to be recognized in this state as a valid marriage under Civil Code § 4104. An exhaustive analysis is unnecessary. It suffices to say that the court's finding turns on credibility, and the court does not find it credible that over the . . . nineteen years the parties lived together petitioner served respondent as an 'independent contractor.' This finding is made without regard to when petitioner first learned of the 1953 Alabama divorce decree, for even if she knew of it in April 1957, as respondent contends, there is substantial evidence that when she moved to Alabama at respondent's request the parties mutually agreed to resume a marital relationship, and that agreement was followed by their cohabitation as husband and wife and their mutual assumption of the benefits of marital rights and the burdens of marital obligations."

We find that the previously recited facts constitute substantial evidence, supporting the trial judge's determination that the parties had a mutual agreement to enter a common law marriage while residing in Alabama.

III. *Contention:* "Petitioner's action to determine a valid marriage is barred by the statute of limitations."

In asserting that Wife's petition to test the validity of the marriage was barred by the statute of limitations, Husband contends that Wife's cause of action accrued either in the 1960's when she first learned of the Alabama divorce or upon his relocation to Hawaii in 1976. Wife, however, did not file this petition until September 1981. Without benefit of authority or

analysis, Husband therefore concludes that the action is barred by either the two-year statute of limitations governing the breach of oral contracts (Code Civ. Proc., § 339) or alternatively by the four-year catch-all limitation provision of Code of Civil Procedure section 343. We disagree.

The question is whether in fact a cause of action accrues to test the validity of a marriage while it legally continues.

A marriage, lawfully entered into, will ordinarily be terminated only by the death of one or both of the spouses, or by its legal dissolution or divorce.

And Civil Code section 4212 (formerly Civ. Code, § 78) provides: "If either party to any marriage denies the same, or refuses to join in a declaration thereof, the other may proceed, by action in the superior court, to have the validity of the marriage determined and declared."

Such an action "is in its nature a suit in equity." (*Sharon* v. *Sharon* (1885) 67 Cal. 185, 195 [7 P. 456].)

And it has long been held that such an action as is permitted by the above-quoted Civil Code section 4212, may be brought by one of the spouses "*at any time during their joint lives.*" (Our italics; *Stierlen* v. *Stierlen* (1907) 6 Cal.App. 420, 424 [92 P. 329].)

■ Moreover, it is noted that the instant contention of Husband is unattended by any citation of authority. "If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration." (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 479, p. 469.)

IV. ■ *Contention:* "Petitioner's action to determine the validity of marriage should have been barred by laches in the trial court."

In asserting the defense of laches, Husband claims that Wife unreasonably delayed in filing the instant petition thereby causing him prejudice in that he remarried in 1978. As the legality of a marriage may be contested at any time, however, it follows that there cannot be an "unreasonable" delay in filing a petition to test its validity. Husband's instant contention is meritless.

V. ■ *Contention:* "The trial court erred in denying respondent's motion for a new trial."

Pursuant to Code of Civil Procedure section 657, Husband moved for a new trial on the grounds of newly discovered evidence. The evidence con-

sisted of an affidavit signed by A. J. Hastings, the purchaser of Husband's Huntsville, Alabama residence. Mr. Hastings states that at the time he bought the dwelling from Husband, the room above the garage was wired for electricity and heated by "recessed electrical wall panels." He further states that the room is used presently as a bedroom. Based on this information, Husband asserts that the trial judge erred in not granting a new trial because Mr. Hastings' statements "makes it clear that the room above the garage was used as living quarters," thus supporting Husband's testimony at the trial that he and Wife did not share the same bedroom while living together in Alabama. We disagree with the contention.

"[A] trial court has complete discretion in ruling on a motion for a new trial. Its ruling will not be disturbed absent an abuse of discretion." (*Schelbauer* v. *Butler Manufacturing Co.* (1984) 35 Cal.3d 442, 452 [198 Cal.Rptr. 155, 673 P.2d 743, 38 A.L.R.4th 566].) To justify a new trial, newly discovered evidence, among other criteria, must be shown to be material "in the sense that it is likely to produce a different result." (*Horowitz* v. *Noble* (1978) 79 Cal.App.3d 120, 138 [144 Cal.Rptr. 710].)

In this matter, Mr. Hastings' affidavit merely supports an inference that the room above the garage could have been used as a bedroom. It has no bearing, however, on whether Husband in fact did use the room as his living quarters while he and Wife resided together in Alabama or whether the parties had agreed to enter a marital relationship at the time Wife moved into the residence. The trial judge therefore did not abuse his discretion in denying Husband's motion for a new trial.

VI. *Contention:* "Appellant's appeal is frivolous and respondent requests the imposition of appropriate sanctions."

Wife contends that the appeal was taken solely for delay and thus is frivolous. Under the criteria established by *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179], however, we disagree. Sanctions therefore are denied.

The judgment is affirmed.

Racanelli, P. J., and Newsom, J., concurred.